STATE OF MAINE                                              SUPERIOR COURT
CUMBERLAND, ss.                                             CIVIL ACTION
                                        DOCKET NO. AP-05-008

DONNA L. ANDREWS

         Petitioner

                                                           ORDER ON
    v.                                                     PETITIONER'S
                                                           80C APPEAL

THE BOARD OF SOCIAL
WORKER LICENSURE

         Respondent

Petitioner appeals pursuant to 5 M.R.S.A. § 11001 and M.R.Civ.P. 80C

from the Board of Social Worker Licensure's (the "Board") decision, which found

that Petitioner had violated the Code of Ethics of the National Association of

Social Workers (the "NASW Code").

## STATEMENT OF FACTS

Petitioner is a licensed clinical social worker. R. at 76. She obtained her

Masters Degree in Social Work in 1999, and began practicing part-time in

January of 2001, and then full-time in September of 2003. *Id.* She voluntarily

receives supervision in her practice from two other social workers. R. at 78.

Approximately two weeks before September 22, 2003, Petitioner received a

phone call from Melissa White, who is the mother of two boys, born in 1993 and

1995. *Id.* In this conversation, Ms. White told the Petitioner that she shares

custody of the two boys with her ex-husband, Jeff Bailey.[1] She then explained

---

[1] Petitioner did not ask for, and was not given a copy of Ms. White's and Mr. Bailey's December 2, 1997 divorce judgment. Over Petitioner's counsel's objection, the judgment was entered into the record at the hearing. It states in part:

1

that the boys appeared "stressed out" after returning from their week with their father, and that she thought somebody outside of the family should see them. R. at 78-79. Based on this information, Petitioner scheduled an initial assessment for the boys for September 22. R. at 79.

On September 22, Ms. White brought the boys to see Petitioner, and Petitioner had her sign an informed consent form. R. at 93. Petitioner considered this initial assessment as the beginning of her services to the children. *Id.* After this initial assessment, the Petitioner scheduled a phone conference with Ms. White for September 30, 2003, and planned to obtain contact information for Mr. Bailey at that time. R. at 82 and 94. However, Mr. Bailey called Petitioner on September 29, and expressed his frustration that he had not been contacted before Petitioner had seen the children. R at 66-67 and 82. The Petitioner and Mr. Bailey disagreed about whether she should hand over to him a copy of her progress notes from her session with the boys. *See* R. at 83. Although Petitioner acknowledged Mr. Bailey's right to obtain a copy of these notes, she explained to Mr. Bailey that she felt that turning over the notes to him would jeopardize the therapeutic relationship. R. at 83. Based on Mr. Bailey's request for copies of the progress notes, Petitioner informed Ms. White on September 30, at their scheduled phone conversation, that she would not continue therapy with the children. R. at 85.

---

The parties shall share parental rights and responsibilities with respect to the minor children. Shared parental rights means that most or all aspects of the child's welfare remain the joint responsibility and right of both parents, so that both parents retain equal parental rights and responsibilities and both parents must confer to make joint decisions regarding the child's welfare. Matters pertinent to the children's welfare include, but are not limited to, education, religious upbringing, medical, dental and mental health care, travel arrangements, child care arrangements and residence. Parents who share parental rights and responsibilities shall keep the other informed of any major changes affecting the children's welfare and shall consult in advance to the extent practicable on decisions related to the children's welfare.

On November 13, 2003, Mr. Bailey filed a complaint with the Board stating that Petitioner had interviewed his children and agreed to services without seeking his input or agreement, and alleged that this violated his right as a parent with shared parental rights to give consent for his children's therapy. R. at 1.

The Board conducted a hearing on December 10, 2004, in order to determine whether or not Petitioner's actions, which are factually undisputed, were in violation of her ethical duties to obtain informed consent prior to commencing services. 32 M.R.S.A. § 7059(1)(E) allows the Board to suspend or revoke a social worker's license for any gross negligence, incompetency, or misconduct in the practice of professional social work. 02-46 C.M.R. Chapter 4(3) sets forth grounds for discipline of social workers. 02-46 C.M.R. 4(3)(3)(G) includes within the definition of "gross negligence, incompetency, or misconduct," engaging in conduct which violates the NASW Code. Section 1.03 of the NASW Code outlines a social worker's responsibility to obtain informed consent. Subsections (a) and (c) of this provision are applicable to situations in which the social worker is treating children. They state:

> (a) Social workers should provide services to clients only in the context of a professional relationship based, when appropriate, on valid informed consent. Social workers should use clear and understandable language to inform clients of the purpose of the services, risks related to the services, limits to services because of the requirements of a third-party payer, relevant costs, reasonable alternatives, clients' right to refuse or withdraw consent, and the time frame covered by the consent. Social workers should provide clients with an opportunity to ask questions.

> (c) In instances when clients lack the capacity to provide informed consent, social workers should protect clients' interests by seeking permission from an appropriate third party, informing clients consistent with the clients' level of understanding. In such instances social workers should seek to ensure that the third party acts in a

manner consistent with clients' wishes and interests. Social workers should take reasonable steps to enhance such clients' ability to give informed consent.

At the hearing, Petitioner stated that, from her training, she understood that she did not need to obtain consent from both parents in order to begin services for a child, but that consent from one parent would be sufficient. R. at 95. She also stated that it was her understanding that, even when working with divorced families, one parent cannot necessarily veto the decision of another parent if one parent decides to make a decision about treatment of any kind. R. at 96-97.

The Board by a vote of 5-0 found that Petitioner's actions were in violation of the above sections because she did not obtain Mr. Bailey's consent prior to providing services to the children. R. at 35. Pursuant to this finding, the Board put Petitioner's license on probation and ordered her to attend and pay for six hour-long sessions with a licensed clinical social worker on the topic of professional ethics.

On February 14, 2005, Petitioner moved the Board for a stay of enforcement of the Board's decision, which was denied by the Board on March 21, 2005. Petitioner filed separately in Superior Court for a stay of enforcement, which request was denied on May 9, 2005.

On appeal, Petitioner contends that the Board's interpretation of the NASW Code is erroneous as a matter of law, that the standards for informed consent upon which the Board based its decision were so vague as to violate petitioner's right to due process of law under the Constitutions of the United States and the State of Maine, and that the Board failed to adduce sufficient proof of the standard by which Petitioner's conduct in this matter was to be judged such that its decision was unsupported by any substantial evidence in the record.

4

## STANDARD OF REVIEW

The court reviews the findings of the Board "to determine whether the board 'abused its discretion, committed an error of law, or made findings not supported by substantial evidence in the record.'" *Connolly v. Board of Social Worker Licensure*, 2002 ME 37, ¶ 6; 791 A.2d 125, 127. The court's review is limited to determining whether the agency's conclusions are unreasonable, unjust or unlawful in light of the record. *Imagineering v. Department of Professional & Financial Regulation*, 593 A.2d 1050, 1053 (Me. 1991). An administrative decision will be sustained if, on the basis of the entire record before it, the agency could have fairly and reasonably found the facts as it did. *Seider v. Board of Examiners of Psychologists*, 2000 ME 206, ¶ 8; 762 A.2d 551, 555. The burden of proof rests with the party seeking to overturn the agency's decision. *Id.*

## DISCUSSION

The Board's decision included the following statements among its "Findings of Fact":

- [NASW Code 1.03(a)] require[s] that the consent of both legal custodians be given in this matter for there to be 'valid informed consent.'

- in this instance, the words in paragraph c [of NASW Code 1.03] that are in the singular should be read as if in the plural—e.g. [sic]—'third party' should be read as 'third parties.'

R. at 35.

At oral argument on appeal, the Board asserts that these statements are conclusions of law, and that accordingly the court's review should be deferential in light of the Board's expertise in the profession of social work. *See Isis*

*Development, LLC. v. Town of Wells*, 2003 ME 149, ¶ 3, n. 4; 836 A.2d 1285, 1287. Whether findings of fact or conclusions of law, these statements are the bases for the Board's ultimate conclusion that Petitioner violated the Code by not obtaining the informed consent of the father of the children prior to providing services to those children. *See* R. at 35. Because these principles underlie the Board's decision, and their categorization as either findings of fact or conclusions of law is ambiguous on the record of this case, the court will analyze their sufficiency as both findings of fact and conclusions of law.

(1) *As findings of fact*

The court reviews the Board's findings of fact to determine whether they are supported by substantial evidence in the record. *Connolly v. Board of Social Worker Licensure*, 2002 ME 37, ¶ 6. The court will reverse the Board's findings of fact only if no competent evidence supports these findings. *Seider v. Board of Examiners of Psychologists*, 2000 ME 206, ¶ 8.

No evidence, except Petitioner's own testimony, was presented to the Board on the application in practice of either "valid" informed consent or "appropriate third party" under the NASW Code. Rather, the Board appears to have based its findings regarding these terms on its own experience that it is the practice of social workers to get the signature of both parents when treating children of divorce. *See* R. at 128. Although the Board is presumed to be expert in matters pertaining to social work, it is not entitled on that basis to supplement the facts before it with its own factual conclusions, because this does not afford the Petitioner an opportunity to cross-examine or refute them.[2] Rather, the Board

---

[2] Only after the evidence was closed, R. at 124, did the Board discuss the practice of clinical social workers before commencing treatment of children of divorced parents. *See* R. at 127-129.

must base its findings of fact on evidence presented to it. The Board could have properly based these findings of fact, for example, on testimony from a licensed social worker that students of social work are taught in their ethical training that valid informed consent refers to consent from both parents in a shared custody situation, or that "appropriate third party" is read in the plural where parents have shared custody of children, and informed consent is sought. Accordingly, insofar as these statements are findings of fact, the court finds that they are unsupported by substantial evidence in the record. *See Seider v. Board of Examiners of Psychologists*, 2000 ME 206, ¶ 8.

(2) *As Conclusions of Law*

The court also reviews the Decision of the Board to determine whether it committed an error of law. *Connolly v. Board of Social Worker Licensure*, 2002 ME 36, ¶ 6. The court's review is limited to determining whether the agency's conclusions are unreasonable, unjust or unlawful in light of the record. *Imagineering v. Department of Professional & Financial Regulation*, 593 A.2d at 1053.

NASW Code § 1.03(a) and (c) together state that social workers should provide services based on "valid informed consent," and that, where clients lack the capacity to provide informed consent, social workers should seek permission from "an appropriate third party." The Board interpreted these provisions to mean that Petitioner was required to seek permission from both parents of the boys with whom she had begun treatment, i.e., that what is singular in the Code should in fact be read as plural in this case. The Board, however, does not support this conclusion with any explanation or analysis in its deliberations or decision, and thus provides no basis to affirm a conclusion that contradicts the plain meaning of the statute.

The plain meaning doctrine is a first principle of statutory interpretation. *See Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571 (1982). Under this doctrine, only in rare cases, where the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters, will a court not apply the plain meaning of a statute. *Id.* Because the Board articulated no analysis to support the conclusion that a literal interpretation of this section, in the singular, would produce a result demonstrably at odds with the intention of its drafters, the Board's interpretation of the Code provisions is not entitled to deference. *See id.*

(3) *NASW Code § 1.03(a) and (c), as Interpreted by the Board, is an Impermissibly Vague Standard of Conduct to Apply to Petitioner*

Petitioner also raises serious concerns about the validity of the Board's determination under the Due Process Clauses of the United States and Maine Constitutions. Petitioner asserts that, under *Balian v. Board of Licensure in Medicine*, sanctions with respect to her license are subject to due process protections. 1999 ME 8, ¶ 11; 722 A.2d 364, 367. Objections based on vagueness under the Due Process Clause rest on lack of notice, and hence may be overcome in any specific case where reasonable persons would know that their conduct is at risk. *Maynard v. Cartwright*, 486 U.S. 356, 361 (1988). Vagueness challenges to regulations not threatening First Amendment interests are examined in light of the facts of the case at hand; the rule is evaluated on an as-applied basis. *Id.*

The NASW Code need not need to state on its face the prescribed conduct in every factual scenario for it to be constitutionally applicable to a professional within the field. *See Mitchell v. Maine Harness Racing Comm'n*, 662 A.2d 924, 927 (Me. 1995); *Cobb v. Maine Bd. of Counseling Professionals Licensure*, 2003 Me. Super.

8

LEXIS 270, ¶5. It need only be reasonably interpretable by those professionals to allow them to conform their conduct to its requirements. *See id.* However, where, as here, the plain language of the NASW Code would lead a reader to understand that informed consent for treatment of a minor must be obtained only from *one* appropriate third party, more than a summary conclusion to the contrary by the Board is required for this court to find that Petitioner did, in fact, have adequate notice of the standard of conduct by which she was expected to abide. *See id.* There is no evidence in the record to suggest that social workers generally understand the applicable terms of the NASW Code as the Board has interpreted them. Nor has the Board elaborated on the meaning and purpose of the provisions, such that it would be apparent how the Board's interpretation conforms with that purpose. Thus, the Board's determination that Petitioner was in violation of NASW Code § 1.03(a) and (c) is, in light of the record, an unlawful imposition on Petitioner's due process right to fair notice. *See Maynard v. Cartwright*, 486 U.S. at 361.

The entry is

The Board of Social Worker Licensure's decision is REVERSED. The matter is remanded to the Board with instructions to dismiss the complaint with prejudice.

Dated at Portland, Maine this 2ND day of September, 2005.

Robert E. Crowley
Justice, Superior Court

9

Date Filed 02/14/05     CUMBERLAND     Docket No. AP-05-8
                             County

Action    80C APPEAL

DONNA L. ANDREWS

                     BOARD OF SOCIAL WORK LICENSURE

vs.

Plaintiff's Attorney
JAMES E. FORTIN, ESQ.
103 EXCHANGE STREET
PO BOX 7108
PORTLAND, ME 04112-7108
774-1486

Defendant's Attorney
ROBERT C. PERKINS, AAG
6 STATE HOUSE STATION
AUGUSTA, ME 04333-0006
626-8800

Date of