STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-05-023

ROBERT THIBEAULT,

Plaintiff

v.

**ORDER**

TOWN OF NEWFIELD, et al.,

Defendants

This case comes before the Court on Petitioner Robert Thibeault's 80B appeal of 1) the Town of Newfield Zoning Board of Appeal's initial decision to grant the appeal, and 2) the final decision of the Zoning Board of Appeal's to revoke a permit to build a garage issued by the Newfield Code Enforcement Officer.

## FACTUAL BACKGROUND

Mr. Thibeault owns a parcel of land within the Shoreland District of the Town of Newfield. The parcel borders Whitehouse Road on one side and Shepard's Island Road on another side. The parcel is also encumbered by an easement, an eight-foot wide gravel driveway providing access to two other parcels from Whitehouse Road.[1] Defendant's Agostinelli and Ferrari own one parcel.[2] Defendants Durkin and Ross-Durkin own the other parcel.[3] In 2004, Mr. Thibeault filed an application for a building permit with the Town of Newfield to construct a thirty-four by thirty-four residential garage on his parcel. The proposed garage would be seventy-two feet from Whitehouse

---

[1]     These two parcels are summer camps.

[2]     It is not clear whether Defendants Agostinelli and Ferrari have frontage on another road or whether the easement is their only access to Whitehouse Road.

[3]     Defendants Dunkin and Ross-Dunkin did not file an 80B brief. They also have frontage on Whitehouse Road.

Road, yet only approximately twelve feet from the Defendants' private driveway. On February 3, 2005, the CEO granted Mr. Thibeault's building permit.[4] Defendants filed a timely appeal to the ZBA challenging the issuance of the permit.[5] On March 28, 2005, the ZBA held a hearing on the matter. Three members of the ZBA were present. The members voted two to one to grant the appeal. On March 30, 2005, the ZBA revoked Mr. Thibeault's building permit. Mr. Thibeault filed this 80B appeal on April 27, 2005.

## DISCUSSION

There are two issues in this case. The first is whether the ZBA granted or denied the administrative appeal. The second is whether the ZBA erred as a matter of law when it decided that the "road set back" provision of the Zoning Ordinance required a set back on Mr. Thibeault's parcel from Defendants' private driveway.

First, the Newfield Zoning Ordinance states that although the presence of three members of the ZBA constitutes a quorum, an appeal may be granted or a decision of the CEO may be overruled only upon an affirmative vote of at least three members. Art. VII, § 2(B). In this case, the Newfield ZBA consists of five members. On the day of the hearing in this matter, three members of the ZBA were present. Those three members were split two to one on whether the grant the appeal. The Ordinance clearly

---

[4]     Before issuing the building permit, the CEO requested an opinion from the Maine Municipal Association about whether the road set back in the Shoreland District would apply to the gravel driveway as well as Whitehouse and Shepard's Island Roads. The MMA responded in the negative:

> Roads or rights of way are relevant to setbacks under the ordinance only if they constitute frontage. "Frontage" is defined under the ordinance as the lot line that "borders" the right of way providing legal access to the lot (see Article XII, Sec 2). A right of way that that crosses a lot (rather than bordering it) by definition cannot constitute frontage, and if it is not frontage, I find no other provision in your ordinance requiring structures to be setback from it.

[5]     Before the ZBA held a hearing, the CEO asked the Town Attorney to issue an opinion regarding the set back issue. The Town attorney echoed the opinion of the MMA:

> The garage would [not] need to be set back 50 feet from the private driveway easement depicted on the plan. This private driveway easement does not fall within the kinds of "rights of way" contemplated in the definition of frontage. Even if it did, however, the easement does not serve as legal access to the Thibeault property, as such, the "road set back provision does not apply with respect to the private driveway easement.

2

provides that an appeal may only be granted on an affirmative vote of three members of the ZBA. Thus, the decision to grant the appeal is error of law.

Second, the Ordinance provides that in the Shoreland District, the "road set back" must be fifty feet from the right of way or seventy-five feet from the center line, whichever is greater. Art. VI, § 5(E). In revoking Mr. Thibeault's building permit, the ZBA held that CEO erred in failing to apply the fifty-foot road set back requirement to the Defendants' private driveway. The issue is whether the ZBA erred as a matter of law in its interpretation of the Ordinance. The interpretation of a zoning ordinance is a question of law that the Superior Court reviews de novo. *Isis Development, LLC v. Town of Wells*, 203 ME 149, ¶ 3, 836 A.2d 1285, 1287. In construing the language of an ordinance, the Court considers the objectives and the general structure of the ordinance as a whole. *Id.*

Unfortunately, the term "road set back" is not defined within the Ordinance. However, a related term "set back, front yard," is defined as "the distance between the street right of way or easement line *extending the width of the frontage,* and the nearest part of any principal or accessory structure." Art. XII (emphasis added). In defining "frontage," the Ordinance explains that it does not include "that portion of the distance between the sidelines which is encumbered by a recorded right-or-way for the purpose of providing access to another lot."[6] Art. XII. The Ordinance further provides that for a "way" to provide frontage, it must provide legal access to the lot along which frontage is measured. Art. VII.

---

[6] Art. VII further defines "frontage" as "the linear distance between the sidelines of a lot, measured along the lot line that borders upon whatever right of way serves as legal access to the lot." For the purposes of the Ordinance, the following ways shall constitute legal access to a lot along which frontage may be measured: 1) a way accepted by or established as belonging to the Town of Newfield, or State of Maine, provided access is not specifically prohibited; 2) a way, whether dedicated to public ownership or not, as shown on an approved subdivision plan; or 3) a private or public way which has not been approved by a governmental subdivision but which has been established by deed or on a plan recorded in a registry of deeds.

Taking the language of the Ordinance as a whole, for a set back provision to apply when the parcel borders any kind of road or right-of-way, the road or right-of-way must constitute "frontage." In this case, Defendant's private driveway is a recorded right-of-way providing access to another lot. Accordingly, pursuant to the Ordinance, Defendants' private driveway does not provide "frontage" to Mr. Thibeault's parcel. Moreover, because Defendants' private driveway does not provide legal access to Mr. Thibeault's lot, it is not a way along which frontage may be measured.

Procedurally, the ZBA failed to grant the appeal with only two members voting in the affirmative. Substantively, the ZBA erred as a matter of law in its interpretation of the Zoning Ordinance. The "road set back" provision does not require a set back on Mr. Thibeault's parcel from Defendants' private driveway.

While unfortunate that the participants in the ZBA hearing apparently misunderstood the requirement for a unanimous vote given that only three members were present, even if the vote had been unanimous the outcome of this appeal would be the same.

The entry will be as follows:

Mr. Thibeault's appeal is Granted; the decision of the ZBA is vacated and the case remanded with instructions to reinstate Mr. Thibeault's building permit.

Dated:     December 27, 2005

G. Arthur Brennan
Justice, Superior Court

John B. Shumadine, Esq. for Plaintiff
Leah B. Rachin, Esq. for Defendnat/Town of Newfield
William P. Durkin, Defendant, pro se
Darlene M. Ross-Durkin, Defendant, pro se
Dolores P. Agostinelli, Defendant, pro se
Charles A. Ferrari, Defendant, pro se

4