STATE OF MAINE                     SUPERIOR COURT
CUMBERLAND, ss.                       CIVIL ACTION
                                      DOCKET NO. AP-05-067

FRIENDS OF MERE POINT
and ROBERT HEALING

           Plaintiffs
                                      ORDER ON PLAINTIFFS'
      v.                              80C APPEAL

MAINE BOARD OF
ENVIRONMENTAL
PROTECTION

## BEFORE THE COURT

Before the court is Friends of Mere Point and Robert Healing's ("Petitioners") appeal, pursuant to M.R.Civ.P. 80C, of the State of Maine Board of Environmental Protection's ("BEP") August 11, 2005 approval of the Maine Department of Inland Fisheries and Wildlife's ("IF&W") application to construct a public boat launch on Mere Point Bay in the Town of Brunswick ("Town").

## BACKGROUND

On May 23, 2003, the IF&W applied for a permit to construct a public boat launch consisting of a 110-foot long by 48-foot wide concrete boat ramp, 200 feet of 8-foot wide floats anchored with pilings, a paved access drive, and a paved parking lot with 55 parking spaces ("Boat Launch"). The Boat Launch is sited on 7.47 acres with approximately 400 feet of frontage on Mere Point Bay, near the end of Mere Point Road. Petitioner Friends of Mere Point represents individual citizens in the Brunswick area who own property abutting or in the vicinity of the Boat Launch site. Petitioner Robert Healing resides in the vicinity of the Boat Launch site.

1

In November, 2003, Petitioners were granted intervenor status in the IF&W's application. They sought at that time to introduce evidence to the BEP of the Boat Launch's traffic impacts on Mere Point Road. Petitioners asserted that the BEP was required under Maine's Natural Resources Protection Act, 38 M.R.S.A. §§ 480-A et seq., ("NRPA") to take these traffic impacts into consideration. The BEP denied Petitioners' offer of evidence in a November 25, 2003 procedural order, stating, "only impacts to the existing uses of the protected natural resources" are relevant to NRPA requirements. This procedural order was affirmed by the BEP on December 18, 2003, and it also denied an April 12, 2005 request by Petitioners to reopen the record to include Petitioners' evidence. On appeal, Petitioners request an order vacating the BEP's August 11, 2005 approval of the Boat Launch, and remanding the matter to the BEP with instructions to consider Petitioners' evidence of negative traffic impacts.

## DISCUSSION

Mere Point is a coastal peninsula on the Atlantic ocean. The site of the Boat Launch consists in part of coastal and freshwater wetlands identified under the NPRA as "protected natural resources." The NRPA requires IF&W, as the applicant for a permit involving bulldozing, filling, and construction of a permanent structure on and over a protected natural resource to demonstrate, *inter alia*, that "the activity will not unreasonably interfere with existing scenic, aesthetic, recreational or navigational uses." 38 M.R.S.A. §§ 480-C and 480-D(1).

Petitioners do not appear to dispute the adequacy of BEP's finding that "the proposed project will not unreasonably interfere with existing scenic and aesthetic uses of the on-site protected natural resources or the adjacent coastal waters...". Record Tab 467, pp. 11-12 (hereinafter "R.T. ___ at ___"). Rather,

2

they argue that the BEP erred as a matter of law by construing §480-D(1) as applicable only to on-site protected natural resources, coastal waters around the site, and a 75-foot wide area adjacent to these areas. Petitioners submit that § 480-D(1) requires the BEP to find that the proposed activity will also not unreasonably interfere with existing scenic, aesthetic and recreational uses in areas, such as Mere Point Road, which surround the site but are not themselves protected natural resources.

Because of the BEP's professional and technical expertise, the court grants deference to its interpretation of § 480-D(1). *See Kroeger v. Maine Department of Environmental Protection*, 2005 ME 50, ¶ 16, 870 A.2d 566, 571, *Isis Development, LLC v. Town of Wells*, 2003 ME 149, ¶ 3, fn. 4, 836 A.2d 1285, 1286, fn.4. In addition, the court gives NRPA a broad, liberal interpretation. *See Kroeger*, 2005 ME 50 at ¶ 16. § 480-D(1) states only that an applicant must show that: "The activity will not unreasonably interfere with existing scenic, aesthetic, recreational or navigational uses," without specifying the geographic scope of the requirement. Petitioners assert that, here, the BEP construed § 480-D(1) too narrowly when it considered only impacts on the sites of protected natural resource themselves, the coastal waters, and the immediate surrounding area. They claim that this interpretation of § 480-D(1) is not only contrary to the general rule of expansive interpretation of the NRPA, but also contrary to the Department of Environmental Protection's ("DEP") own prior interpretation of this section. *See Kroeger*, 2005 ME 50 at ¶¶ 14-16.

In *Kroeger*, the petitioner was denied a permit to build a dock from his property out into Somes Sound. 2005 ME 50 at ¶ 1. In denying the permit for the Petitioner's failure to meet § 480-D(1), the DEP noted that Somes Sound, which

3

borders Acadia National Park and is the location of the only natural fjord on the east coast of the United States, is an area of unique scenic beauty, and that the proposed dock would interfere with this overall scenic beauty on the Sound. *Id.* at ¶¶ 10 and 14. The court accepted the DEP's application of § 480-D(1), stating, "the Department has interpreted the statute and its own regulations to mean that the general location of the proposed activity is at issue when considering interference with existing scenic uses." *Id.* at ¶ 16. As a matter of general interpretation, then, § 480-D(1) applies to areas outside of the immediate vicinity of the protected natural resources over which the structure is proposed to be built. *See id.* at ¶ 15.

In this case, the BEP stated as a reason for rejecting consideration of traffic impacts on Mere Point Road that "the purpose of the NRPA... is to protect the State's critical natural resources and their 'scenic beauty and ... recreational, cultural, historical and environmental values.' 38 M.R.S.A. § 480-A." R.T. 467 at 11. The BEP appears to have based its current limited focus upon the area for which use impacts would be considered on this general understanding. For its part, the Town adds that "§ 480-D(1)'s silence as to the exact geographic scope of the inquiry does not obligate the DEP to conduct a limitless inquiry." Intervenor's Opposing Brief, p. 5.

In spite of the broad geographic scope of the BEP's § 480-D(1) review in *Kroeger*, the scope of its review in this case is not inconsistent with that undertaken in *Kroeger*. *See* 2005 ME 50 at ¶ 14. The BEP has interpreted § 480-D(1) in relation to the overall purpose of the NRPA, i.e. protection of the scenic beauty and recreational, cultural, historical and environmental value of critical natural resources within the state. *See* 38 M.R.S.A. § 480-A. The Petitioners have

4

asserted that the anticipated traffic from the proposed launch will disturb recreational uses along Mere Point Road, but they did not meet the implicit prerequisite for the BEP's consideration of such evidence, that the area they claim will be impacted is a critical natural resource that the NRPA is designed to protect. *See Kroeger*, 2005 ME 50 at ¶ 14. Somes Sound, and Acadia National Park, the areas from which the BEP in *Kroeger* considered the scenic impacts of Kroeger's proposed dock, are critical natural resources. *See id.* Accordingly, the BEP's refusal to consider Petitioner's evidence was not in error.

**The entry is:**

> Petitioners' 80C appeal is DENIED. The Board of Environmental Protection's August 11, 2005 order is affirmed.

Dated at Portland, Maine this 21st day of March, 2006.

Robert E. Crowley
Justice, Superior Court

Date Filed __SEPT. 09 2005__ __CUMBERLAND__ Docket No. __AP-05-67__
County

Action __80C APPEAL__

FRIENDS OF MERE POINT
ROBERT HEALING

TOWN OF BRUNSWICK (Intervenor)

MAINE BOARD OF ENVIRONMENTAL PROTECTI

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| MATTHEW D MANAHAN ESQ<br>CATHERINE R CONNORS ESQ<br>ONE MONUMENT SQUARE<br>PORTLAND MAINE 04101<br>(207)791-1100<br><br>                (BRUNSWICK)<br>JEFFREY THALER, ESQ.<br>PO BOX 9729<br>PORTLAND, ME 04104-0529 | CAROL BLASI AAG<br>6 STATE HOUSE STATION<br>AUGUSTA ME 04333 |

Date of
Entry