STATE OF MAINE                                             SUPERIOR COURT
CUMBERLAND, ss.                                           CIVIL ACTION
                                                          Docket No. AP-07-14



MOHAMMAD KARGAR, et al.,

     Plaintiffs,

v.                                                              ORDER

TOWN OF FALMOUTH, et al.,

     Defendants.


Before the court is a Rule 80B appeal by Mohammad and Shamayel Kargar from a February 6, 2007 decision of the Falmouth Planning Board approving the amendment of a subdivision plan. The Planning Board originally issued its decision without making findings, but after this action was filed the court granted a motion to remand the case for written findings to be made. On July 3, 2007 the Board issued a six-page document containing its findings of fact, conclusions of law, and written decision.


1.    <u>Background</u>

The subdivision plan in question concerns a subdivision called Sherwood Forest off the Woodville Road in Falmouth. The subdivision plan was originally submitted by Davis Land Development LLC and was approved by the Falmouth Planning Board on November 3, 2003. R. Tab 24. That plan included 12 lots within the Sherwood Forest subdivision; two other lots (#13 and #14) were to be retained by Mary Alice Davis and were not part of the Sherwood Forest subdivision but were part of the overall 159.85-acre tract that was subject to the Planning Board review.

Following approval of the subdivision, Davis Land Development LLC recorded a January 29, 2004 Declaration of Protective Covenants, Reservations, Restrictions, and

Easements of Sherwood Forest Subdivision. R. Tab 23. Article 14.1.1 of the Declaration reserved to Davis Land Development LLC and its successors and assigns the following rights:

> Developer may change size, number and location of lots, drainage, easements, road right-of-way, layout and location of any lots not sold: provided it obtains the approval of the Planning Board.

*See* R. Tab 23 at § 14.1.1. On August 20, 2004 Davis Land Development sold Lot 11 in Sherwood Forest to Mohammad and Shamayel Kargar. The deed states that the conveyance is made subject to the Declaration. · R. Tab 13. Subsequent to the conveyance to the Kargars, all the remaining lots (#1-10 and 12) and the open space areas and roads were conveyed to various Cianchette corporations and eventually were consolidated under the ownership of Cianchette Family LLC.

In 2006 Cianchette Family LLC began the process of applying to the Planning Board for certain changes to the subdivision plan. Ultimately it proposed an amendment to the subdivision plan that would (1) retain four of the original lots – lots 1, 2, 11 (owned by the Kargars), and 12; (2) would consolidate Lots 3 through 10 into one lot; (3) would leave the open space areas undeveloped; and (4) would modify portions of the roadways on the existing subdivision plan. The amendment, although opposed by the Kargars, was approved on February 6, 2007 and a written decision with findings of fact and conclusions of law was issued on July 3, 2007.

2.    Standard of Review

Ordinarily the court reviews the decision of a municipal planning board for errors of law, abuse of discretion, or findings not supported by substantial evidence in the record. *York v. Town of Ogunquit*, 2001 ME 53 ¶ 6, 769 A.2d 172, 175. Interpretation

of the language of a local ordinance is a question of law that is reviewed *de novo*. *Isis Development LLC v. Town of Wells*, 2003 ME 149 ¶ 3, 836 A.2d 1285, 1287. In this case the Kargars are not arguing that the record does not support the Planning Board's decision but are instead raising various arguments that the Planning Board lacked authority to approve the amended subdivision plan, that the governing statute is vague and unenforceable, that the Planning Board was estopped from approving the requested amendment, that Cianchette Family LLC did not have a sufficient interest in the subdivision to seek an amendment, and that the amendment infringed on the Kargars' vested rights. By and large, these are legal challenges that will be considered *de novo*.

3.      Planning Board's Authority

The Kargars first argue that once one of the lots in an approved subdivision has been sold, a Planning Board no longer has authority to address amendments to the subdivision plan. In this case both the governing statute, 30-A M.R.S. § 4407, and the Falmouth ordinance, Ordinance § 7(G), R. Tab 3 at 11, expressly allow amendments to subdivision plans and neither of those provisions limits such amendments to subdivision plans in which no lots have been conveyed. The Declaration here expressly allows changes as to "any lots not sold" with the approval of the Planning Board. Finally, the proposed amendments do not affect the size or layout of the Kargars' lot nor the access of their lot to Woodville Road. The Planning Board was authorized to consider the Cianchette Family LLC's proposed amendments.[1]

---

[1] Nor does the court agree with the Kargars that if the Planning Board had authority, the statute and ordinance are unconstitutionally vague. In this instance, 30-A M.R.S. § 4407 requires that in reviewing proposed amendments, the reviewing authority shall make findings of fact establishing that the proposed revisions do or do not meet the criteria of 30-A M.R.S § 4404. Since an initial subdivision plan must comply with § 4404, it is obvious that any amendment must also comply with § 4404. Section 4404 in turn contains sufficient guidance to permit

4.     Estoppel

The Kargars argue that they obtained vested property rights when they purchased Lot 11 and that the Planning Board is equitably estopped from altering the subdivision plan. There are at least two problems with this argument. The first is that the Kargars purchased Lot 11 subject to the Declaration, and the Declaration expressly reserves the right to change the configuration of any lots not sold. Article 14.1.1 (R. Tab 23 at 14). The second is that the doctrine of equitable estoppel depends on representations or conduct that induce reliance. The Kargars have not pointed to any evidence in the record that the Planning Board (or anyone else) ever represented that the subdivision plan would not be amended nor could the Kargars have reasonably relied on any understanding that the plan would never be amended given the express language to the contrary in the Declaration.

5.     Cianchette Family LLC's Interest

Based on *Madore v. Maine Land Use Regulatory Commission*, 1998 ME 178 ¶ 14, 715 A.2d 157, 161, the Kargars argue that Cianchette Family LLC does not have sufficient right, title or interest in the subdivision to be entitled to amendment. This argument is nearly frivolous. As the Board found, Cianchette Family LLC owns 11 of the 12 lots in the subdivision, the open space areas, and the roads. It owns all the areas of the subdivision that are subject to its proposed amendment. *Madore* is inapposite.

---

effective judicial review and to protect individuals from arbitrary municipal action. *See Nugent v. Town of Camden*, 1998 ME 92 ¶¶ 11-13, 710 A.2d 245, 248.

6.    Permissible Change

Almost as frivolous is the Kargars' argument that while Article 14.1.1 of the Declaration allows "changes" in the lots subject to the subdivision plan, it does not go so far as to allow elimination of any lots. This, however, ignores the fact that Article 14.1.1 expressly permits "changes" to the "number" of lots. This necessarily encompasses the ability to change the number of lots by lowering that number – i.e., by eliminating lots.


7.    Vested Rights

Citing Sahl v. Town of York, 2000 ME 180 ¶ 12, 760 A.2d 266, 269, the Kargars argue that the amendment to the subdivision plan infringes on their vested rights. Sahl has no bearing on this case. The Kargars are not being denied the right to construct on their lot. Lot 11 remains unchanged by the amendments, and the only road abutting Lot 11 also remains unchanged. The Kargars' right of access to their property remains unchanged – neither of the roadways modified under the revised subdivision plan affects access to the Kargars' lot. Compare R. Tab 24 (original subdivision plan) with R. Tab 1 (new subdivision plan). As the Planning Board found, the amended plan also retains the right enjoyed by the Kargars to open space. July 3, 2007 findings at ¶ 24.

The Kargars argue that the amended plan is no longer "reasonably consistent with the uniform scheme of development established by [the] Declaration" as required by Declaration Article II, R. Tab 23 at 3. There are two answers to this argument. The first is that this case concerns the Falmouth Planning Board's approval of an amended subdivision plan. In approving that amendment, the Planning Board is required to determine whether the amendment complies with 30-A M.R.S.A. §§ 4404 and 4407 and

5

the zoning ordinance. It is not required to adjudicate what rights the Kargars may have against the developer or its successors in interest under the Delcaration.

Second, the court has compared the original subdivision plan (R. Tab 24) with the revised subdivision plan (R. Tab 1) and finds that while the subdivision is being substantially downsized, the lots in the immediate area of the Kargars' lot are being retained. All of the area to the west of the Kargars' lot was originally designated as open space and remains as open space. Access to the Kargars' lot remains unchanged.

The Kargars' lot is near the entrance to the original development, and their complaint is that the lots further in will no longer be developed. However, the court is not aware of any authority that developers are required to proceed to build the full extent of any subdivision originally proposed, no matter how economic circumstances or the developer's situation have changed in the meantime. Although the amendment involves a substantial downsizing of the subdivision as a whole, the immediate vicinity of the Kargars' lot is unchanged and the amendment is reasonably consistent with the uniform scheme of the development originally proposed.

There is one other issue lurking in this case – whether Cianchette Family LLC is entitled to fill in the detention basin area given Article 5.1 and 5.1.2 of the Declaration.[2] In the court's view, if the filling of the Detention Basin constitutes a violation of the Kargars' rights under the Declaration, then the Kargars may have the right to seek redress against Cianchette Family LLC under the Declaration. This is true regardless of whether the Planning Board has permitted the Detention Basis to be filled in. But this does not affect whether the Planning Board correctly approved an amendment to the subdivision plan under 30-A M.R.S. § 4407 and 4404.

---

[2] Article 5.1.1 and 5.1.2 also provide that the Detention Area will be retained in a natural undeveloped condition. That remains a requirement of the revised subdivision plan. *See* Note 8 of revised plan approved February 6, 2007 (R. Tab 1).

The entry shall be:

The February 6, 2007 decision of the Falmouth Planning Board (subsequently embodied in a written decision and findings dated July 3, 2007) approving an amendment to the Sherwood Forest Subdivision Plan is affirmed. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED:     March __*5*__, 2008

_____
Thomas D. Warren
Justice, Superior Court

Date Filed __03-06-07__ __CUMBERLAND__ Docket No. __AP-07-14__ ●

County

Action __80B APPEAL__

MOHAMMED KARGAR
SHAMAYEL KARGAR

TOWN OF FALMOUTH
TOWN OF FALMOUTH PLANNING BOARD
CIANCHETTE FAMILY LLC

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| DANIEL L CUMMINGS ESQ<br>NORMAN HANSON & DETROY<br>PO BOX 4600<br>PORTLAND ME 04112-4600<br>(207)774-7000 | DAVID PERKINS ESQ (CIANCHETTE FAMILY LLC)<br>PO BOX 449<br>PORTLAND ME 04112-0449<br>871-7159<br><br>WILLIAM L. PLOUFFE, ESQ. (FALMOUTH-BOTH)<br>PO BOX 9781<br>PORTLAND ME 04104-5081<br>772-1941 |

Date of
Entry