ENTERED AUG 2 9 2014

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-14-12
*TDW-CUM- 8/27/14*

MARY CAMPBELL, et al,

Plaintiffs

v.

ORDER

CITY OF SOUTH PORTLAND, et al

STATE OF MAINE
Cumberland, ss Clerk's Office

Defendants

AUG 28 2014

RECEIVED

Before the court is a Rule 80B appeal by Mary Campbell and Maureen and Edward Conroy (the "Campbell parties") from a January 14, 2014 decision of the South Portland Board of Appeals affirming the issuance of a building permit to defendant Kay Loring based on a 1973 variance issued to Ms. Loring's predecessor in title.

Although zoning ordinances in other municipalities provide for the expiration of variances if construction has not commenced by a specified deadline,[1] the South Portland ordinance did not contain such a provision at the time that the 1973 variance was issued and South Portland has also not subsequently enacted such a provision. This case therefore raises the issue of whether a variance, once granted with no expiration date, can be utilized many years later.

On an 80B appeal, interpretation of a local ordinance is a question of law that is subject to *de novo* review. *Isis Development LLC v. Town of Wells*, 2003 ME 149 ¶ 3, 836 A.2d 1285, 1287 n.4. In contrast, factual determinations made by a municipal board will only be overturned if they are not adequately supported by evidence in the record.

---

[1] *See, e.g., Twigg v. Town of Kennebunk*, 662 A.2d 914, 915 (Me. 1995) (Kennebunk ordinance providing that variance expires within six months if construction has not begun).

*Jordan v. City of Ellsworth*, 2003 ME 82 ¶ 8, 828 A.2d 768, 771. On factual issues the court may not substitute its judgment for that of the board. Just because a different conclusion could be drawn from the record does not justify overturning the board's decision if there is evidence in the record that could support the board's determination. *Twigg v. Town of Kennebunk*, 662 A.2d 914, 916 (Me. 1995). To prevail on factual issues, the party challenging a board's decision must show that the evidence compels a different result. *Id.*

The Campbell parties have raised a number of arguments that can be swiftly addressed. The issue of whether a variance was in fact issued in 1973 and the size of the lot at issue are factual issues on which there is evidence in the record to support the decision of the South Portland Board of Appeals. As noted above, the court cannot overturn those findings even if it would have reached a different conclusion based on the evidence. Moreover, although it does not appear that the variance was recorded pursuant to 30-A M.R.S. § 4353(5), that section was not enacted until 1989 and was not made retroactive.

In addition, although the South Portland ordinance at one time provided that abutting lots with continuous frontage in common ownership "shall, after January 1, 1978, merge and be considered as one lot for purposes of determining space and bulk requirements,"[2] that section has since been deleted from the South Portland ordinance. Ms. Loring's lot (lot 9 on a 1921 survey by A.E. Skillin) was previously held in common ownership with lot 8 on the 1921 Skillin survey, but the lots themselves were never merged and are no longer in common ownership. Even if they were now in common

---

[2] Former section 27-7(f) of the South Portland Ordinance, found at R. Tab. 16.

2

ownership, the current ordinance does not require that they be considered as merged for purposes of area and street frontage requirements. See Ordinance section 27-304(e).

Finally, although the Campbell parties attempt to suggest that there were some procedural improprieties with respect the approval of Ms. Loring's building permit, none of their arguments come close to any cognizable claim that the decision by the Board of Appeals – which is the decision that the Campbell parties are seeking to overturn – was infected by any bias or irregularity that would justify vacating the decision.

The remaining question is whether a variance that was obtained 41 years ago can still be exercised. The minimum lot size in 1973 was 5,000 square feet, and the variance sought by Ms. Loring's predecessor in title was a variance of 297 square feet in order to allow construction on a 4,703 sq. ft. lot. R. Tab. 3 (Board of Appeals decision); R. Tab 5. The Board of Appeals determined that that a variance of 297 square feet had been granted and that lot 9 contains 4,703 square feet. R. Tab. 3. The effect of the variance, therefore, is that lot 9 – now the Loring parcel – is to be treated as a 5,000 square foot lot.

The Campbell parties correctly argue that this does not immunize the Loring parcel from future zoning changes. See *Sawyer Environmental Recovery Facilities Inc. v. Town of Hampden*, 2000 ME 179 ¶ 22, 760 A.2d 257. Under the current zoning ordinance, the Loring parcel – treated as having 5,000 square feet – is a non-conforming lot.[3] However, a review of the South Portland zoning ordinance demonstrates that South Portland expressly allows the development of non-conforming lots – even if those lots have only 5,000 square feet. Section 27-304(a) of the ordinance provides as follows:

> An unimproved nonconforming lot of record that is in separate ownership, or is not in common ownership with

---

[3] Section 27-534 of the current zoning ordinance requires a minimum lot size of 12,500 square feet and minimum street frontage of 75 feet for lots located in Residential District A.

any abutting lot that has street frontage on the same street, may be developed in accordance with the provisions of (f) without a variance from the Board of Appeals. If the lot has less than five thousand (5,000) square feet of lot area or less than fifty (50) feet of street frontage on a City accepted street, development of the lot must also conform to (g).

Development of the lot must conform to the space and bulk regulations for the zoning district in which it is located except for the minimum lot area and minimum street frontage requirements unless otherwise specifically provided for in (f) or (g) or a variance is granted by the Board of Appeals.

The ordinance thus specifically permits development of 5,000 sq. ft. lots with at least 50 feet of street frontage without a variance in accordance with section 27-304(f).[4] The Board of Appeals found that the Loring parcel has 61.8 feet of street frontage, and the Campbell parties are not arguing that the Loring permit is inconsistent with any of the standards set forth in section 27-304(f).

As a result, upholding the action of the South Portland Board of Appeals in this case will not have the effect of immunizing the Loring parcel from subsequent zoning changes. As the Law Court stated in the *Sawyer Environmental* case:

The practical effect of a variance is to establish uses pursuant to the variance as conforming uses. However, such a conforming use may become nonconforming when a comprehensive ordinance is subsequently enacted that reasserts the nonpermitted nature of that use and imposes additional limitations on its extension. *The practical effect of such a rule is that conforming uses conducted pursuant to a use variance are placed on an equal footing with conforming uses that are permitted under a prior ordinance.*

2000 ME 179 ¶ 22 (emphasis added).

---

[4] Even lots with less than 5,000 square feet may be developed but only with Planning Board approval under section 27-304(g).

4

It bears emphasis that the *Sawyer Environmental* decision addressed a nonconforming <u>use</u>. This case involves a nonconforming <u>lot</u>. While the Campbell parties rely on caselaw holding that zoning regulations allowing the continuation of nonconforming uses shall be strictly construed, the South Portland ordinance draws a distinction between nonconforming uses and nonconforming residential lots. *Compare* section 27-301 *with* section 27-304.[5] If the effect of a variance for a nonconforming use is to place that use on an equal footing with conforming uses, *see Sawyer*, 2000 ME 137 ¶ 22, a variance for a nonconforming lot is entitled to the same effect. Despite the age of the variance, therefore, the Board of Appeals was entitled to treat the Loring parcel as a 5,000 sq. ft. lot that can be developed under section 27-304(f) without the need for special approval from the Planning Board or an additional variance.

The entry shall be:

The January 14, 2014 decision of the South Portland Board of Appeals is affirmed. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: August 27, 2014

Thomas D. Warren
Justice, Superior Court

---

[5] Nonconforming use is defined as "a building, structure or use of land existing at the time of enactment of this Chapter, and which does not conform to the regulations of the district or zone in which it is situated." Ordinance § 27-201. Nonconforming lots are not included in this definition.

GENE LIBBY ESQ
LIBBY O'BRIEN KINGSLEY & CHAMPION
62 PORTLAND ROAD SUITE 17
KENNEBUNK ME 04043   Defendant Kay Loring's Attorney

DANIEL CUMMINGS ESQ
NORMAN HANSON & DETROY
PO BOX 4600
PORTLAND ME 04112-4600   Defendant City of South Portland's Attorney

JOHN CAMPBELL ESQ
59 BAXTER BOULEVARD   Plaintiff's Attorney
PORTLAND ME 04101