STATE OF MAINE
CUMBERLAND, ss

JOSEPH SATLAK, et al.,

    Plaintiffs

v.

TOWN OF SCARBOROUGH, et al.,

    Defendants

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-18-007

ORDER

STATE OF MAINE
Cumberland ss Clerk's Office

NOV 09 2018  1:29PM

RECEIVED

Before the court is an appeal by Joseph and Candace Satlak from a March 14, 2018 decision of the Scarborough Zoning Board of Appeals (ZBA) upholding the issuance of a building permit to defendants Pamela DonAroma, Dan Hayden, and Orville Karan for an accessory structure on their property on East Grand Avenue in the Pine Point area of Scarborough.

Standard of Review

On an 80B appeal, interpretation of a local ordinance is a question of law that is subject to *de novo* review. Isis Development LLC v. Town of Wells, 2003 ME 149 ¶ 3 n.4, 836 A.2d 1285. In contrast, factual determinations made by a local planning board will only be overturned if they are not adequately supported by evidence in the record. Jordan v. City of Ellsworth, 2003 ME 82 ¶ 8, 828 A.2d 768. Local characterizations or findings of fact as to what meets ordinance standards "will be accorded substantial deference." Thus, on factual issues the court may not substitute its judgment for that of the authorities. Just because a different conclusion could be drawn from the record does not justify overturning a municipal land use decision if there is evidence in the record that could support the town's determination. Twigg v. Town of

Plaintiffs-Jeffrey Jones, Esq.
Def Town of Scarborough-Philip Saucier, Esq.
Remaining Defs-Andrew Sparks, Esq. and
William Kennedy, Esq.

Kennebunk, 662 A.2d 914, 916 (Me. 1995). To prevail on factual issues, the party challenging a town's decision must show that the evidence compels a different result. Id.

Record on Appeal

Defendants' property (2 East Grand Avenue) is a non-conforming lot of record in the R-4A zoning district. The ordinance requires properties in the R-4A zoning district to be 10,000 square feet with 80 feet of street frontage. (R. 181-82). Defendants' lot has 9,191 square feet and no street frontage (R. 41). It is not disputed that defendants' lot and the preexisting structures on that lot are grandfathered. Instead of bordering a street, defendants' lot is set between other properties and is accessed by a 10 ft. wide right of way which runs south from East Grand Avenue to defendants' northern lot line. (R. 41). Defendants share that right of way with the Satlaks, whose lot (4 East Grand Avenue) lies between defendants' lot and East Grand Avenue. (R. 1-4, 41).

On December 13, 2017 the Town's Code Enforcement Officer approved defendants' application for a building permit to build a two-story accessory structure which is located 16 feet inside defendants' northern boundary line, which is the same boundary line where the right of way terminates. (R. 9, 42).[1] The Satlaks appealed that decision to the Scarborough ZBA, which denied the appeal by a 4-1 vote after a hearing on February 14, 2018 (R. 56; Supp. R. 7-10).[2] The following day the Board sent the Satlaks a letter confirming that their appeal had been

---

[1]    The two-story accessory structure was designed to replace an existing one-story accessory structure that was only three feet inside defendants' northerly property line. (See R. 41, 42).

[2]    References to "Supp. R." are to a supplemental record submitted by defendants with their brief. Although there is a dispute between the parties as to whether the operative decision under review is that of the CEO or that of the ZBA, the Satlaks have not objected to the submission of the Supplemental Record.

2

denied. (R. 57). A month later, on March 14, 2018, the SBA issued a written decision setting forth findings and conclusions in denying the Satlaks' appeal. (Supp. R. 1-3).

The dispute in this case turns on whether the "minimum front yard" provision applicable in the R-4A zone applies to the defendants' accessory structure. The Satlaks contend that a 30 foot front yard setback requirement should be applied from the defendant's northern property line to the accessory structure, which is only 16 feet from the northern property line.

Pertinent Zoning Provisions

The R-4A Space and Bulk Regulations in Section XV.I (D) include the following:

| | |
|---|---|
| Minimum front yard, all buildings | 30 feet |
| Minimum rear and side yards, all buildings | 15 feet* |
| *Buildings higher than 30 feet shall have side and rear yards not less than 50% of building height | |

(R. 181-82).

"Yard Front" is defined as "An open unoccupied space on the same lot with the building between the front line of the building and the front line of the lot and extending the full width of the lot." (Section VI. "Definitions"; R. 111).

"Yard Rear" is defined as "An open unoccupied space on the same lot with the building between the rear line of the building and the rear line of the lot and extending the full width of the lot." (Id.)

"Yard Side" is defined as "An open unoccupied space on the same lot situated between the building and the sideline of the lot and extending from the front yard to the rear yard. Any lot line not a rear line or a front line shall be deemed a sideline." (Id.).

The Satlaks also rely on the definition of "Street" in the Ordinance:

> For purposes of meeting the street frontage and access requirements of this ordinance, the term street shall mean only:
> (1) a public way,
> (2) a private way approved by the Planning Department under Section IX.I of this Ordinance, or
> (3) a street approved by the Planning Board under the Town of Scarborough Subdivision Regulations.
> For purposes of determining required setbacks under this Ordinance, including setbacks for corner lots, the term street shall mean any of the above and shall also include any right of way which is described in a deed or plan recorded in the Cumberland County Registry.

(R. 109).

Discussion

The parties initially disagree on whether the decision under review is that of the CEO or that of the ZBA. Under 30-A M.R.S. § 2691(3)(C) a ZBA acts de novo "unless otherwise established by charter or ordinance." The Scarborough ordinance appears to specify that the Scarborough ZBA acts only in an appellate role on appeals from decisions of the Code Enforcement Officer. Ordinance § V.B(1) (R. 86). See Gensheimer v. Town of Phippsburg, 2005 ME 22 ¶ 11, 868 A.2d 161. Accordingly, the operative decision under review is that of the Code Enforcement Officer.[3]

The Satlaks agree that the reasoning of the Code Enforcement Officer is set forth in the comments submitted by the Code Enforcement Officer to the ZBA. See Reply Brief in support of appeal dated July 11, 2018 at 3, citing R. 53-55. Specifically, the Code Enforcement Officer concluded that while in some cases an access way could lead to a "Yard Front" as defined in the ordinance, the northern boundary of the defendants' lot did not constitute a "Yard Front" under

---

[3] There are references in the Ordinance to evidence being brought before the ZBA, which indicate that in some contexts the ZBA may make de novo decisions. Ordinance Section V.C (3) & (4); R. 91. In this case, however, the record does not reflect that any evidence was taken before the ZBA, and it appears to have acted in an appellate capacity.

4

the specific circumstances of this case. (R. 54). At the hearing on the Satlaks' appeal, the Code Enforcement Officer explained that given the specific configuration of the defendants' lot, it did not have any area that would qualify as a front yard (or "Yard Front" as defined in the Ordinance). (Supp. R. 9-10). Accordingly, only the 15-foot side and rear setbacks were applicable. (Supp. R. 8).[4] Since the defendants' accessory structure complied with those setbacks, the Code Enforcement Officer had approved the structure.

The Satlaks emphasize that for purposes of determining setbacks, the term "street" shall include rights of way. However, the definition of a "Yard Front" nowhere references the word "street." Instead, the "Yard Front" definition appears to be essentially self-contained – the unoccupied space "between the front line of the building and the front line of the lot." In this case, the survey of the defendants' building (R. 41) does not indicate that any particular side of the building is the front line of the building or that any particular side of defendant's lot is the front line of the lot.

The Satlaks argue that every premises must have a "Yard Front" under the ordinance and that the area along the defendants' northern boundary must be found, as a matter of law, to constitute the "Yard Front" because the right of way terminates at that boundary. This might be true in the Higgins Beach Character-Based District under the Scarborough ordinance.[5] However, the court finds nothing in the ordinance as it applies to defendant's property in Pine Point that

---

[4]     The Code Enforcement Officer noted that if the right of way did not stop at the defendants' northern boundary but travelled across the length of their lot, it would create the equivalent of street frontage and might therefore mean that the western side of defendant's lot would constitute the front yard. (Supp. R. 8).

[5] See Definition of "Frontage, Primary" as applicable in the Higgins Beach Character-Based District (R. 180).

requires every property to have a front yard or that mandates that the front yard necessarily be the area where the property is accessed.[6]

Defendants' particular property has no street frontage and is tucked in behind and among the Satlaks' property to the north, property belonging to Russell to the west, property belonging to the Javaheri Trust and Pine Point LLC to the east, and property belonging to Pine Point LLC and Ocean's Edge LLC to the south (the latter denominated in the survey as a 50' wide "No Build Buffer"). (R. 41). Accordingly, on this record, the court is not required to overturn the determination of the Code Enforcement Officer that for purposes of the ordinance, the defendants' property does not have a "Yard Front."

In considering the purpose of the front setback requirement in the ordinance, the intent is to require more unoccupied space along the street. Where a property runs along a right of way, the ordinance would appear to also require a setback along the right of way. However, the defendant's property does not run along a right of way. The right of way in this case is 10 feet wide and dead ends at defendants' northern boundary. Accordingly, interpreting the ordinance not to require a front setback along defendants' northern boundary is not inconsistent with the purpose and intent of the ordinance.

The entry shall be:

The issuance of defendants' building permit by the Scarborough Code Enforcement Officer and the March 14, 2018 decision of the Scarborough Board of Appeals are affirmed. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

---

[6] If the ordinance were interpreted to require that every property must have a front yard, it would appear that the south side of the defendant's residence, which has a porch and faces in the direction of the ocean, would be the front of the residence and that therefore the defendants' southern boundary would be the front side of the lot. See R. 41.

Dated: November 9, 2018

Thomas D. Warren
Justice, Superior Court