2007 ME 76

**Lisa COMEAU et al.**

v.

**TOWN OF KITTERY.**

Supreme Judicial Court of Maine.

Submitted on Briefs: May 17, 2007.
Decided: June 26, 2007.

Alan E. Shepard, Shepard & Read, Kennebunk, for plaintiff.

Duncan A. McEachern, McEachern & Thornhill, Kittery, for defendant.

Panel: SAUFLEY, C.J., CLIFFORD, CALKINS, SILVER and MEAD, JJ.

CALKINS, J.

[¶ 1] Lisa Comeau and other Kittery residents, who reside in the neighborhood of the planned project, appeal from a judgment entered in the Superior Court (York County, *Brennan, J.*) affirming a decision of the Town of Kittery Planning Board approving the Town of Kittery's plan to construct a recreation center. The neighbors argue that (1) the Board failed to properly adopt written findings of fact in its approval of the plan; (2) the Town failed to demonstrate that the proposed project complies with the Kittery Land Use Ordinance and the Kittery Comprehensive Plan; and (3) the Board failed to allow adequate opportunity for public comment on the application. While we affirm that part of the judgment that concludes that the Board's hearing procedures afforded the public sufficient opportunity to comment, we vacate the remainder of the judgment because the Board failed to make findings that are adequate for judicial review of the substantive issues.

## I. BACKGROUND

[¶ 2] This case arises out of an application by the Town of Kittery to the Kittery Planning Board for approval of a project to build a 27,000 square foot recreation center in the Admiralty Village neighborhood.

[¶ 3] The Board discussed the project at a series of meetings between April 2005 and April 2006. On December 15, 2005, the Board held an official public hearing at which the Town presented the project to the Board and the public was given the opportunity to comment. The public comments consisted of statements from attendees at the meeting as well as letters from people unable to attend, which were read into the record. Comeau and other individuals who reside in the neighborhood spoke at the hearing. The Board also allowed public comment at other meetings.

[¶ 4] In two of the meetings held after the public hearing, the Board discussed the project and its compliance with the land use ordinance and the comprehensive plan. Specifically, the Board addressed four topics raised as issues in this appeal: (1) the decrease in the level of service at certain key intersections below the re-

quirements of the ordinance;[1] (2) the proposal of a four-way intersection despite an ordinance provision stating that such intersections should be avoided;[2] (3) alleged deficiencies in the Town's traffic impact study; and (4) the project's compliance with the comprehensive plan's residential designation of the Admiralty Village.

[¶ 5] At the March 23, 2006, meeting, the Board voted on the project. The minutes of the Board meeting reflect that a motion was made to approve the project, by finding that the project is "in substantial compliance with 16.36.070.C with one exception, that without further conditions it is not in compliance with 16.28.210." The reference to "16.36.070.C" is to a section in the land use ordinance setting out twenty-nine requirements for development approval. The reference to "16.28.210" is to a provision in the land use ordinance stating: "Any proposed development, or use, shall be in harmony with the guidance contained in the Kittery comprehensive plans."

[¶ 6] The motion went on to state five conditions for approval: (1) the demolition

of the existing recreation center; (2) the removal of twenty-three parking spaces; (3) the maximization of "open space" on the plan; (4) the addition of a traffic light at the Woodlawn/Shapleigh intersection; and (5) the correction of a plan document.[3] The motion was seconded and, after further discussion, it passed by a vote of four to two. The chairman of the Board asked the Town to "accept the findings of fact as contained in the minutes." The minutes do not reflect the Town's response to that request. The meeting was adjourned without further discussion.

[¶ 7] On April 13, 2006, the Board held a meeting at which the Town presented all revisions made to the project based on the conditions set by the Board. The Board voted five to one that the revisions satisfy the conditions set by the Board.

[¶ 8] Comeau and other neighbors filed a complaint in the Superior Court, pursuant to M.R. Civ. P. 80B, alleging that the Planning Board violated the comprehensive plan and the land use ordinance by approving the Town's application to build

1. Section 16.32.120(C) of the Kittery Land Use Ordinance states:

 C. The street giving access to the lot and neighboring streets which can be expected to carry traffic to and from the development shall have traffic carrying capacity and be suitably improved to accommodate the amount and types of traffic generated by the proposed use. No development shall increase the volume: capacity ratio of any street above 0.8 nor reduce any intersection or link level of service to "D" or below.

2. Section 16.32.150(E) of the Kittery Land Use Ordinance provides in relevant part:

 E. Cross (four cornered) intersections shall be avoided insofar as possible.

3. Specifically, the minutes state:

 *Chairman White will propose a motion and see how we go. The proposed motion would be to approve the project presented by the Town of Kittery and engineered by Sebago Technics for a recreation center to be constructed at 2 Cole Street with specific reference to Plan sheets dated 11/1/05, revision C, March 9, 2006, C1–C8, and lighting plan dated 3/8/06, sheets 0, 1, and 2, and having reviewed the proposed development, that we find it in substantial compliance with 16.36.070.C with one exception, that without further conditions it is not in compliance with 16.28.210. The conditions are as follows: 1. Demolition of the existing recreation center building on completion of the new one. 2. Removal of 23 parking spaces from the plan. 3. Reoptimize the plan to maximize the open space and present it to the Board. 4. Add a light at the intersection of Woodlawn and Shapleigh when the state requirements are met and place the funds in a reserve account. 5. Correct sheet C4: Delete AF and substitute AB and have a requirement for the replacement of plantings for the life of the project and maintenance needed.*

the new recreation center. The court entered judgment affirming the Board's decision. This appeal followed.

## II. DISCUSSION

### A. Sufficiency of Findings

 [¶ 9] We review the Planning Board's decision directly.[4] *Bodack v. Town of Ogunquit,* 2006 ME 127, ¶ 6, 909 A.2d 620, 622. When the appellants contend, as here, that an administrative agency's findings are inadequate for judicial review, we examine the findings to determine if they are "sufficient to show the parties, the public, and an appellate court the basis for its decision." *Id.* ¶ 16, 909 A.2d at 625. When an administrative board "fails to make sufficient and clear findings of fact and such findings are necessary for judicial review, we will remand the matter to the . . . board to make the findings." *Carroll v. Town of Rockport,* 2003 ME 135, ¶ 30, 837 A.2d 148, 157.

 [¶ 10] Instead of issuing written findings, the Board designated the minutes of the meetings to serve as findings. The minutes of each meeting are lengthy narratives of the discussions, with details of who said what. As would be expected, the discussion is wide-ranging and not always in a logical progression. The Board members expressed their individual views to various points of the proposed project and their views on the issues raised by the individuals opposing it. It is impossible to discern what the Board found as facts.

[¶ 11] Section 16.36.070(C) of the land use ordinance requires the Board to base its action "upon findings of fact which certify or waive compliance with all the required standards of this title, and which certify that the development satisfies the following requirements." The ordinance goes on to list twenty-nine separate requirements. The Board failed to comply with its own ordinance.

[¶ 12] The Town does not argue before us that the Board made sufficient factual findings. Rather, the Town argues that there was sufficient evidence before the Board for it to approve the project. However, the task of an appellate court is to review the findings and conclusions of the administrative agency to determine if the findings are supported by the evidence. By skipping the step of making findings, the Board, in essence, invites a court to do the Board's job. As we said in *Gashgai v Board of Registration in Medicine,* the lack of findings creates a danger of "judicial usurpation of administrative functions." 390 A.2d 1080, 1085 (Me.1978) (citing 2 KENNETH CULP DAVIS, ADMINISTRATIVE LAW TREATISE § 16.05 (1958)).

[¶ 13] We will not repeat here all of the reasons for the requirement that administrative boards make written findings of fact.[5] We have done so in several opinions. *See Widewaters Stillwater Co. v. Bangor Area Citizens Organized for Responsible Dev.,* 2002 ME 27, ¶¶ 11–12, 790 A.2d 597, 600–01; *Chapel Rd. Assocs. v. Town of Wells,* 2001 ME 178, ¶ 10, 787 A.2d 137, 140; *Christian Fellowship & Renewal Ctr. v. Town of Limington,* 2001 ME 16, ¶¶ 14–18, 769 A.2d 834, 838–40. Because we are unable to discern what

---

4. Because no one has raised the issue, we assume that the Kittery ordinance provides that appeals from the Planning Board are to the Superior Court. The record only contains selected portions of the Kittery Land Use Ordinance. It does not contain those portions that deal with appeals.

5. We do not rule out the possibility that findings of fact could be memorialized in the minutes of a meeting. Such findings, however, would have to be explicitly stated as individual factual findings and voted on individually.

findings the Board made, we cannot proceed with a judicial review of its decision with regard to the substantive issues raised by the neighbors.

## B. Opportunity for Public Comment

[¶ 14] Comeau and the other residents contend that the Board failed to allow adequate opportunity for public comment on the proposed project. They admit that the Board held a formal public hearing on December 15 and also gave the public the opportunity for informal comment at an earlier meeting. Primarily, the neighbors complain that public comment was not allowed on changes to the plan after the formal public hearing, including the changes that were made after the Board imposed conditions at its March 23, 2006, meeting.

[¶ 15] The neighbors do not argue that the Board's public hearing procedure violated the land use ordinance. They appear to be making a constitutional argument because they cite to the portion of *Cunningham v. Kittery Planning Board,* 400 A.2d 1070, 1078–79 (Me.1979) discussing the due process challenge to the planning board's proceedings. On the record before us, we discern no deprivation of due process.

The entry is:

Judgment affirmed as to appellants' claim that the Board denied the public the opportunity to be heard. Judgment vacated in all other respects. Case remanded to the Superior Court for remand to the Kittery Planning Board for further proceedings consistent with this opinion.