STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: AP-07-033
RAC- CuM- 12/12/2007

MARINE TOWING SERVICES, INC.

Plaintiff,

v.

**ORDER ON DEFENDANT'S
MOTION TO DISMISS
80B APPEAL**

BOARD OF HARBOR COMMISSIONERS,

Defendant,

PORTLAND FIRE DEPARTMENT,

Party-in-Interest

STATE OF
Cumb...
SU...

DEC

RECEIVED

JAN 15 2008 MARY RECHT

Defendant Board of Harbor Commissioners Port of Portland (Harbor Board) moves this Court to dismiss an appeal pursuant to M.R. Civ. P. 80B(h) made by Plaintiff Marine Towing Services, Inc. (Marine Towing) for failure to provide a sufficient record pursuant to M.R. Civ. P. 80B(e).

## BACKGROUND

This case arises out of an application made by Marine Towing to the Harbor Board requesting a permit to add a finger pier to Marine Towing's Portland Port dock system. The application was denied at a May 10, 2007 public meeting of the Harbor Board. The Harbor Board did not provide Marine Towing with a written notice of its decision; however, it did provide Marine Towing with an audiotape of the meeting.

On June 8, 2007, Marine Towing filed a timely appeal with this Court. Marine Towing's motion to extend time to file a brief and the record on or before August 8, 2007 was granted on July 18, 2007. On July 13, 2007, Marine Towing sent a letter to the Harbor Board requesting a "complete record of the

1

Commission's work relating to the MTS permit application and denial." The Harbor Board did not send any documents. On July 18, 2007 Marine Towing filed a 80B brief with this Court and included in the attached record the application documents and correspondence between Marine Towing and the Harbor Board.

The Harbor Board now moves to dismiss the appeal alleging that Marine Towing failed to supply a sufficient record on appeal pursuant to M.R. Civ. P. 80B(e), nor did it contact the Harbor Board in a timely manner to discuss the record.

## STANDARD OF REVIEW

This Court may dismiss an 80B appeal for want of prosecution if the plaintiff fails to provide a sufficient record of the proceeding being reviewed. M.R. Civ. P. 80B(e). "The moving party shall be responsible to insure the preparation and submission of the record to the court and such record shall be submitted with the motion." *Id.* However, case law has established "that the municipality must assure that a sufficient record is made to permit judicial review of the local agency's decision and any procedural issues alleged to have arisen in the hearing." Alexander, *The Maine Rules of Civil Procedure with Advisory Committee Notes and Comments* § 80B.1(9) 319 (2006) (citing *Sanborn v. Town of Eliot*, 425 A.2d 629, 630-31 (Me. 1981)).

## DISCUSSION

The Harbor Board asserts that this appeal should be dismissed because Marine Towing failed to file a transcript with its brief, despite having been provided with an audiotape of the May 10, 2007 public hearing. The documents that were filed with the brief included the application materials to the Marine

2

Board and correspondence between the parties. This record, the Harbor Board contends, is an insufficient record upon which the court can make a judgment and thus the appeal should be dismissed pursuant to M.R. Civ. P. 80B(h).

Plaintiffs are responsible for providing to the court "a record [that] shall include the application or other documents that initiated the agency proceedings and the decision and findings of fact that are appealed from, and the record may include any other documents or evidence before the governmental agency and a transcript or other record of any hearings."[1] M.R. Civ. P. 80B(e) (emphasis added). However, decisions of a public board are subject to Maine's Freedom of Access law. *Carroll v. Town of Rockport*, 2003 ME 135, ¶23, 837 A.2d 148, 156. That law requires that "when any local agency conditionally approves or denies any permit, the agency shall make a written record of the decision and 'shall set forth in the record the reason or reasons for its decision and make findings of the fact, in writing, sufficient to apprise the applicant and an interested member of the public of the basis for the decision.'" *Id.* (*quoting* 1 M.R.S. A. § 407(1) (1989)). A transcript of the proceeding does not satisfy this requirement. *See Comeau v. Town of Kittery*, 2007 ME 76, ¶ 10, 926 A.2d 189, 192.

In this case Marine Towing filed with its brief all required documents under Rule 80B that it had in its possession. The Harbor Board did not meet its initial statutory burden of supplying Marine Towing with a written decision supported by specific findings of fact. Consequently, Marine Towing's "failure to provide sufficient documentation . . . is not [a] fatal defect here. Rather, the problem lies in the Board's failure to explain its reasoning, which the plaintiff's

---

[1] Marine Towing referenced the rules and regulations of the Board of Harbor Commissioners for the Port of Portland, Maine in its initial filing. Should Marine Towing wish the Court to consider those rules, it should include them in the record.

3

omissions do not override." *Sanborn v. Town of Eliot*, 425 A.2d 629, 631 (Me. 1981).

## Therefore, the entry is:

The Harbor Board's Motion to Dismiss the Appeal is DENIED.

The Harbor Board is directed to provide Marine Towing with a written decision, the reason or reasons for its decision and findings of the fact, in writing, sufficient to apprise the applicant and an interested member of the public of the basis for the decision. If either of the parties considers the transcript relevant to the appeal, that party should bear the transcription cost.

After receiving the written decision and findings of fact from the Harbor Board, Marine Towing shall submit an amended record to the Court along with any documents it wishes the Court to consider in support of the appeal as permitted by M.R. Civ. P. 80B(e).

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this _12th_ day of _December_ 2007.

Roland A. Cole
Justice, Superior Court

4

Date Filed  06-08-07          CUMBERLAND          Docket No.  AP-07-33
                                 County

Action  80B APPEAL


MARINE TOWING SERVICES INC                    BOARD OF HARBOR COMMISSIONERS PORT
                                              OF PORTLAND
                                              PORTLAND FIRE DEPARTMENT (PII)


                                        vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| STEVEN E COPE ESQ<br>ANDREW J KULL ESQ<br>PO BOX 1398<br>PORTLAND ME 04104<br>(207)772-7491 | Mary E. Costigan Esq.  (Board of Harbor<br>389 Congress Street     Comm Port of Port.<br>Portland, Maine 04101 |