STATE OF MAINE                                 SUPERIOR COURT
CUMBERLAND, ss.                                CIVIL ACTION
                                               DOCKET NO: AP-07-056

JEFFREY H. LEIGHTON and
LYNNE F. LEIGHTON

                    Plaintiffs,
                                               **ORDER**

          v.

THE TOWN OF FALMOUTH,
THE TOWN OF FALMOUTH BOARD
 OF ZONING APPEALS and
ALBERT W. FARRIS, JR.,

                    Defendants.



This case comes before the Court on Plaintiffs' appeal pursuant to M.R.

Civ. P. 80B of a decision of the Falmouth Zoning Board of Appeals.

**FACTUAL AND PROCEDURAL BACKGROUND**

The issue in this case concerns certain property owned by Plaintiffs Jeffrey

H. and Lynne F. Leighton (Leightons) located at 71 Underwood Road in

Falmouth Maine (Property). The facts of this case are largely undisputed. The

Leightons purchased the Property in 1972 by warranty deed (Deed).[1] The Deed

describes the Property as containing "Lots numbered 58, 60, 62 and 64." The

Leightons residence and garage are situated on Lots 58 and 60.

In June, 2007, the Leightons sought approval from Defendant Town of

Falmouth (Town) to merge lots 62 and 64 pursuant to Falmouth's Zoning and

---

[1] The Deed described the Property as:

   A certain lot or parcel of land with the buildings thereon, situated on the
   northeasterly side of Underwood Road in the Town of Falmouth, County
   of Cumberland and State of Maine, being Lots numbered 58, 60, 62 and 64
   as shown on Plan of Underwood Extension, . . . . (Rec. tab 19.)

1

Site Plan Review Ordinance (Ordinance) section 6.8 in order to create one buildable lot from the two "vacant" lots.[2] That request was denied by the Town's Code Enforcement Officer, Albert W. Farris Jr. (CEO) by opinion letter dated July 31, 2007. (Rec. Tab 10.) The CEO determined that the Property was one lot, based on the language of the Deed conveying "[a] certain lot" coupled with both the designation of the Property on the 1964 Town Tax Maps as an individual lot and the language in Sections 4.1 and 6.1 of the Ordinance[3] regulating structure and lot conformity.

The Leightons timely appealed the CEO's decision to the Town's Zoning Board of Appeals (Board). On October 23, 2007 the Board held a hearing on the Leighton appeal at which the Leightons testified. The Board denied the appeal

---

[2] Ordinance § 6.8 states:

> Two or more nonconforming vacant adjoining lots in common ownership shall be consolidated to form one or more lots conforming so far as possible to the lot area and width requirements of this Ordinance. If possible, the lots shall be consolidated so that no nonconforming lot or lots are formed. The lot or lots so formed may be built upon as a matter of right, subject to the lot coverage and setback requirements of this Ordinance for the district where located, provided that the owner can demonstrate that there is reasonable access to the sit by emergency vehicle.

[3] The subject sections of the Ordinance are as follows:

SECTION 4. GENERAL PROVISIONS

The following general provisions shall apply to all districts:

4.1 No structures that require a building permit shall be erected or used, and no lot shall be used or divided, unless in conformity with e provisions of this Ordinance. All structures and lots, and uses of structures and lots, which fail to conform to the provisions of this Ordinance are prohibited, except as provided herein. [Amended, 2/28/05]

SECTION 6. NONCONFORMING STRUCTURES, USES AND LOTS

6.1 A nonconforming structure, use, or lot is permitted to continue as it existed prior to the date such structure, use or lot became non-conforming under the provisions of this Ordinance, as amended.

2

by a vote of 3 to 1. (Rec. 5, Tab 2.) There are no findings of fact or conclusions of law in the record upon which the Board based its vote.

## STANDARD OF REVIEW

It is well settled that "when a Superior Courts acts as an appellate court [for administrative decisions], we review directly the operative decision of the municipality." *Gensheimer v. Town of Phippsburg*, 2005 ME 22, ¶ 7, 868 A.2d 161, 163-64. The Court reviews a local board's decision for error of law, abuse of discretion, or findings not supported by substantial evidence in the record. *York v. Town of Ogunquit*, 2001 ME 53, ¶ 6, 769 A.2d 172, 175. Substantial evidence is evidence that is sufficient for a board to have reasonably found the facts as it did. *Ryan v. Town of Camden*, 582 A.2d 973, 975 (Me. 1990).

The burden of persuasion is on the party challenging a board's decision to show that the evidence compels a different result. *Twigg v. Town of Kennebunk*, 662 A.2d 914, 916 (1996). The Court must not substitute its judgment for that of a board on factual issues. *Id.* Further, a board's "decision is not wrong because the record is inconsistent or a different conclusion could be drawn from it." *Id.* The interpretation of an ordinance, however, is a question of law that is reviewed *de novo*. *Kurlanski v. Portland Yacht Club*, 2001 ME 147, ¶ 9, 782 A.3d 783, 786 (*citing Rockland Plaza Realty Corp. v. City of Rockland*, 2001 ME 81, ¶ 7, 772 A.2d 256, 259); *see also Isis Development, LLC v. Town of Wells*, 2003 ME 149, n. 4, 836 A.2d 1285, 1287.

## DISCUSSION

### I.  Findings of Fact and Conclusions of Law

In this case the operative agency is the Town's Zoning Board of Appeals. As a preliminary matter, "[m]eaningful judicial review of an agency decision is

3

not possible without findings of fact sufficient to apprise the court of the decision's basis." *Chapel Road Assoc., LLC v. Town of Wells*, 2001 ME 178, ¶ 10, 787 A.2d 137, 140 (citations omitted). "By skipping the step of making findings, the Board, in essence, invites a court to do the Board's job. . . . [creating] a danger of judicial usurpation of administrative functions." *Comeau v. Town of Kittery*, 2007 ME 76, ¶ 12, 926 A.2d 189, 192 (internal quotations and citations omitted). This is not to say that the Board's minutes could not suffice, however they must "explicitly [be] stated as individual factual findings and voted on individually." *Id.*, n. 5, 926 A.2d at 192.

In this case the Record supplies the minutes of the October 23, 2007 meeting of the Board (Rec. Tab 2), a transcript of the October 23, 2007 meeting (Rec. Tab 3), and a written decision rendered by the Board (Rec. Tab 1). None of these records, however, provide the Court with findings of fact or conclusions of the Board necessary "to determine if the findings are supported by the evidence." *Comeau*, 2007 ME 76, ¶ 12, 926 A.2d at 192. Accordingly, remand is appropriate.

## II.    Issues on Remand

The parties agree that Lots 58 and 60, the improved lots, have merged into one lot. The issue is whether Lots 62 and 64, the vacant lots, remained separate lots and thus can be merged under section 6.8 *(see* n. 2 *supra)* and then construed under the grandfather clause at section 6.1 (*see* n. 3 *supra*) as a buildable lot. The Town argues that 1) the four individual undersized lots "lost their separate character through the deed description in 1963 – before the Leightons even acquired title to the property;" and/or 2) that the separate character of the lots was lost through the Leightons', and their predecessor in interest's, treatment of

4

the property since 1963." (Town Br. At 2.) The first is a question of law, the second a question of fact.

### i. History of the Property

The genesis of the Property was in a 1909 Plan named the Underwood Extension, recorded in the Cumberland County Registry of Deeds. The subject lots were treated individually until 1963, when the four lots were conveyed through a single deed. The Leightons purchased the Property by warranty deed in 1972 containing substantially the same deed language.

The Town asserts that the Leightons' predecessor in interest took the Property under one deed evidencing an intent to merge the four lots into one lot. If the four lots did indeed merge into one conforming lot, they cannot now be split. *See* Ordinance § 6.3; *see also Farley v. Town of Lyman*, 557 A.2d 197, 201 (Me. 1989).

### ii. Loss of Character through Use

The Town must inform the Court of the basis for its decision in this matter. Should the basis for the decision be a question of fact, the Board must find sufficient evidence to support that decision.[4] The Law Court has stated that the existence of individual lots cannot be determined through deed language alone, but must be construed from "the history of the parcels and the zoning ordinance." *Logan*, 2001 ME 84, ¶ 10, 772 A.2d at 1186. The *Logan* Court remanded the matter to the zoning board "[b]ecause factual findings are necessary to answer this question and because the record is devoid of sufficient

---

[4] That is, if the Board determines that the separate character of the lots was lost through the Leightons', and their predecessor in interest's, treatment of the property since 1963," facts to support that conclusion must be enumerated.

5

uncontested facts to allow us to answer the question. . . ." *Id.* Accordingly, findings regarding the history of the parcel as it relates to relevant ordinances and deeds must be articulated.

## Therefore, the entry is:

This matter is REMANDED for findings of fact and conclusions of law sufficient to apprise the court of the decision's basis.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this 21st day of March, 2008.

Roland A. Cole
Justice, Superior Court

6

Date Filed __11-21-07__    __CUMBERLAND__    Docket No. __AP-07-56__

County

Action __80B COMPLAINT__

JEFRREY H LEIGHTON
LYNNE F LEIGHTON

THE TOWN OF FALMOUTH MAINE
THE TOWN OF FALMOUTH BOARD OF ZONING APPEAL!
ALBERT W FARRIS JR

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| JOSEPH R MAZZIOTTI ESQ<br>PO BOX 1319<br>PORTLAND ME 04104<br>(207)775-3148 | WILLIAM PLOUFFE ESQ(ALL)<br>PO BOX 9781<br>PORTLAND ME 04104-5081 |

Date of
Entry