STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NOS. AP-06-021
and AP-07-042

GAB-YoR- 4/23/2008

LISA COMEAU,
KATHRYN DAVIS,
AUDREY WILKINSON,
WILLIAM PAGUM,
GEORGE LOMBARDI,
DONNA FLEET,
DIANA SYLVESTER,
EVA KAFKA,
ELIZABETH LANE and
ROBERT CEJKA

ORDER

Plaintiffs

v.

THE TOWN OF KITTERY,

Defendant

Before the Court is Plaintiffs Lisa Comeau, Kathryn Davis, Audrey Wilkinson, William Pagum, George Lombardi, Donna Fleet, Diana Sylvester, Eva Kafka, Elizabeth Lane and Robert Cejka's (collectively "Plaintiffs") appeal pursuant to M.R. Civ. P. 80B of a decision issued by the Kittery Planning Board (Board) approving the application of the Town to build a Community Center on Emery Field in Kittery, Maine. Following hearing, the appeal is Granted.

## PROCEDURAL AND FACTUAL BACKGROUND

This matter is before this Court after an appeal to the Law Court and subsequent remand to the Board for additional findings of fact. The dispute in this matter arose from a March 23, 2006, 4-2, decision of the Board approving the Town's building of an

approximately 25,000 square foot community center on Emery Field in Kittery, Maine (Community Center). Emery Field is a 5.6 acre Town-owned parcel that lies within the Town's Village Residential District (VR District). Abutters to Emery Field claim that the proposed construction of the Community Center would usurp their right to limited open space in violation of the Town's ordinances.

By November 7, 2006 order, this Court affirmed the Board's decision to allow the Town to build the Community Center, which order Plaintiffs appealed to the Law Court. This Court's November 2006 order was partially affirmed and partially remanded by a June 26, 2007 order of the Maine Supreme Judicial Court (*Comeau v. Town of Kittery*, 2007 ME 76, 926 A.2d 189) (Remand Order). On remand, the Town was directed to issue written findings of fact sufficient to apprise the Court of the basis for the Board's decision. Moreover, the *Comeau* Court explicitly stated that the Board "failed to comply with its own ordinance." *Id.* ¶12, 926 A.2d at 192. Specifically, "Section 16.36.070(C) of the land use ordinance requires the Board to base its action upon findings of fact which certify or waive compliance with all the required standards of this title, and which certify that the development satisfies . . . a list [of] twenty-nine separate requirements." *Id.* ¶12, 926 A.2d at 192 (internal quotations omitted).

The Board reconvened on August 30, 2007 in order to comply with the Remand Order. Five Board members sat for this meeting.[1] The Board reviewed the entire record regarding the Community Center application but did not take additional evidence. On September 30, 2007 the Board issued written Findings of Fact (Findings) approving the Town's application. This 80B appeal followed.

---

[1] Pending remand, the term of office of one of the six Board members who participated in the March 23, 2006 vote and who voted in favor of the Community Center expired. The newly appointed replacement Board member did not participate in the August 30, 2007 meeting.

2

Plaintiffs assert that the Board erred, as a matter of law, in construing certain 3-2 decisions in the Findings as sufficient under the Town of Kittery Land Use and Development Code (Ordinance), and that there was insufficient evidence to support certain findings by the Board. Specifically, Plaintiffs claim that 1) the Board's Findings regarding traffic issues provided insufficient evidence to support approval of the Community Center under the Ordinance; 2) the Board's Findings provided insufficient evidence in light of the Ordinance's "Comprehensive Plan" to support approval of the Community Center; and 3) a physical therapy center, as incorporated in the Community Center plan, is not a permitted use under the Ordinance within the subject zone.

## DISCUSSION

### I. Standard of Review

As an intermediate appellate court, the Superior Court reviews the decisions of the Board of Appeals "directly for abuse of discretion, legal error, or findings unsupported by substantial evidence in the record." *Rowe v. City of S. Portland*, 1999 ME 81, ¶ 5, 730 A.2d 673, 675 (*citing Twigg v. Town of Kennebunk*, 662 A.2d 914, 916 (Me. 1995)). Substantial evidence is evidence that is sufficient for a board to have reasonably found the facts as it did. *Ryan v. Town of Camden*, 582 A.2d 973, 975 (Me. 1990). The burden of persuasion is on the party challenging a board's decision to show that the evidence compels a different result. *Twigg*, 662 A.2d at 916. The Court must not substitute its judgment for that of a board on factual issues. *Id.*

The interpretation of an ordinance, however, is a question of law that the Court reviews *de novo*. *Kurlanski v. Portland Yacht Club*, 2001 ME 147, ¶ 9, 782 A.2d 783, 786 (*citing Rockland Plaza Realty Corp. v. City of Rockland*, 2001 ME 81, ¶ 7, 772 A.2d 256, 259). That interpretation is guided by the "ordinances' specific object and its general structure." *Id.* (*quoting Lewis v. Town of Rockport*, 1998 ME 144, ¶ 11, 712 A.2d 1047,

3

1049). An ordinance is construed to "avoid absurd, illogical or inconsistent results." *Id.* *(quoting Wright v. Town of Kennebunkport,* 1998 ME 185, ¶ 5, 715 A.2d 162, 164).

## II. Sufficiency of Votes

Plaintiffs assert that approval on certain Findings by three Board members, as reflected in the September 30, 2007 written findings of the Board, is insufficient under the Ordinance. Thus, as a matter of law, the Board's approval was erroneous. Under Section 16.04.040(A)(6) of the Ordinance, "A quorum consists of four members. All decisions shall be made by a minimum of four like votes, except on procedural matters." Because the Court is interpreting an ordinance, it will consider the language *de novo. Kurlanski,* 2001 ME 147, ¶ 9, 782 A.2d at 786.

The Town concedes that four votes are necessary for any decision of the Board. That requirement, it is argued, was satisfied by the March 2006, 4-2, decision by the Board. Moreover, the Findings generated pursuant to the remand were procedural *only* and, thus, four votes were not required under the Ordinance at that stage of the process.[2]

The issues thus become 1) whether findings of fact in general are merely procedural, and 2) whether any of the Findings generated by the Board were procedural only. If the Findings were merely procedural, four affirmative votes would be unnecessary under the Ordinance.

---

[2]    The Town argues:

> Findings are reached as part of a procedural process which reflects the basis for the Board's decision. Arriving at findings of fact are part of a procedural process that is not bound by the four affirmative vote provision. Findings embody an agreement by the Board in support of the Board's ultimate <u>decision</u>. They are not the Board's decision but are supplemental to it. They provide the basis of the decision for the review Court to evaluate.

(Town Br. At 21-22.) The Town goes on to articulate that findings are not appealable decisions, but merely the basis of those decisions. *Id.* n. 9.

4

### a. Findings of Fact

It is well settled that a core purpose for the requirement of written findings of fact is to apprise the appellate court of the basis for the decision in order to allow meaningful judicial review. *See e.g. Chapel Road Assoc., LLC v. Town of Wells*, 2001 ME 178, ¶ 10, 787 A.2d 137, 140 (citations omitted). However, the Law Court has elaborated on this purpose stating that: "[b]y skipping the step of making findings, the Board, in essence, invites a court to do the Board's job. . . . [creating] a danger of judicial usurpation of administrative functions." *Comeau*, 2007 ME 76, ¶ 12, 926 A.2d at 192 (internal quotations and citations omitted). Moreover, such a mandate will "assure more careful administrative considerations, help parties plan cases for rehearing or judicial review and [] keep agencies within their jurisdiction." *Maine AFL-CIO v. Superintendent of Ins.*, 595 A.2d 424, 428 (Me. 1991). Taken together these purposes manifest more than mere procedural requirements. Indeed, they specifically require "careful administrative consideration." *Id.*; consideration of matters of substance.

The Remand Order is illustrative of the substantive nature of findings of fact. The *Comeau* Court stated that "[b]ecause we are unable to discern what findings the Board made, we cannot proceed with a judicial review of its decision with regard to the substantive issues raised by the neighbors." *Comeau*, 2007 ME 76, ¶ 13, 926 A.2d at 192-93. While the Law Court noted that findings could potentially be memorialized in the minutes, they "would have to be explicitly stated as individual findings and voted on individually." *Id.* ¶ 13, n. 5, 837 A.2d at 192. This is not to say that individual findings of fact are necessarily "final decisions." *See Carroll v. Town of Rockport*, 2003 ME 135, ¶ 17, 837 A.2d 148, 154. But they are nonetheless substantive decisions.

### b. Ordinance Section 16.04.040(A)(6)

The question thus becomes whether the Ordinance requires four affirmative votes for each decision of the board concerning an individual requirement, or whether such vote is mandated only for "final decisions." The Ordinance unambiguously states that "[a]ll decisions shall be made by a minimum of four like votes, except on procedural matters." Kittery Me., Ordinance 16.04.040(A)(6). Accordingly, as a matter of law, the Ordinance mandates a minimum of four like votes on all decisions, including individual votes on findings of fact because the required findings are substantive and not merely procedural.

### c. Ordinance Section 16.36.070(C)

This is a reasonable construction of the Ordinance "with regard to both the ordinance's specific object and its general structure." *Kurlanski*, 2001 ME 147, ¶ 9, 782 A.2d at 786. Beyond a plain reading of Ordinance Section 16.04.040(A)(6), the Ordinance also mandates that the Board specifically "certify or waive compliance with" a list of twenty-nine separate requirements. Kittery Me., Ordinance 16.32.070(C).[3] Such consideration is more than a procedural exercise. Indeed, the Findings, themselves, state that "[a]fter due deliberation, the Kittery Planning Board hereby adopts each of the foregoing Findings of Fact as voted upon by the board in response to the Supreme Court's remand for findings." (Findings at 8.) Accordingly, in order to comply with its own Ordinance, the Board must certify four affirmative votes for each separate requirement in order to approve the Community Center.

---

[3] 16.36.070(C)(1) states: "Action by the board shall be based upon findings of fact which certify or waive compliance with all the required standards of this title, and which certify that the development satisfies the following requirements:"

The Board did not "certify" the needed votes. On two of the most contentious issues before the Board (Traffic and Conformity with Local Land Ordinances and Plans) compliance was not certified or waived by four votes. (Findings at 5 and 7.) Accordingly, as a matter of law, the Town's application must be denied.

## III. Sufficiency of Evidence to Support Findings.

Because this Court concludes that the Town's application did not obtain the votes needed for approval, it need not reach the additional issues raised by this appeal. Moreover, any further appeal of this case would involve the Law Court's direct review of the administrative record, without deference to the Superior Court's analysis. *See Comeau*, 2007 ME 76, ¶ 9, 926 A.2d at 192. Accordingly, this Court need not consider those issues.

Therefore, the entry is:

The Plaintiffs' Rule 80B appeal is GRANTED. The case is remanded to the Kittery Planning Board for entry of decision denying the Town's application.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Alfred, Maine this 23rd day of April , 2008.

G. Arthur Brennan
Justice, Superior Court

PLAINTIFFS:
ALAN E SHEPRAD ESQ
SHEPARD & READ
93 MAIN ST
KENNEBUNK ME   04043-7086

DEFENDANT
DUNCAN MCEACHERN ESQ
MCEACHERN & THORNHILL
PO BOX 360
KITTERY ME 03904

7