STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                    CIVIL ACTION
                                                  DOCKET NO. AP-07-60
                                                  REC- CUM- 5/5/
                                                  A  : 52

CHRISTINA JIPSON,
            Petitioner
                                                  ORDER ON
v.                                                PETITIONER'S
                                                  RULE 80B APPEAL
SOUTH PORTLAND
HOUSING AUTHORITY,
            Respondent


Before the Court is an appeal brought pursuant to M.R. Civ. P. 80B by

Christina Jipson seeking judicial review of a decision by the South Portland

Housing Authority terminating her Section 8 assistance.

## BACKGROUND

Petitioner Christina Jipson ("Jipson") has participated in the Federal

Housing Assistance Payments Program ("Section 8"), a rental subsidy program,

since 1989.  At the time relevant to this appeal, Jipson lived with her two sons,

Andrew Hamilton ("Andrew") and Joshua, in South Portland, Maine.  On

September 19, 2007, Andrew was summonsed for possession of a usable amount

of marijuana.  On October 3, 2007, the South Portland Housing Authority

("SPHA") sent Jipson notice that her Section 8 assistance would be terminated

because of Andrew's drug activity.  Jipson requested an informal hearing, which

was held on October 11, 2007.  The hearing officer issued a decision on October

12, 2007 supporting the SPHA's decision to terminate Jipson's voucher.  Jipson

then requested a formal hearing, which was held before a different hearing

officer on November 13, 2007. This second hearing officer issued a decision on November 15, 2007 directing the SPHA to continue Jipson's Section 8 assistance.

On November 26, 2007, SPHA Executive Director Elaine Neelon ("Neelon") notified Jipson by letter that the SPHA had decided to terminate her Section 8 assistance despite the second hearing officer's decision to the contrary. The letter stated that the Executive Director had "reviewed this information [from the informal and formal hearing officers] and the information contained in our Section 8 Administrative Plan regarding this issue. As a result of this review, it is my decision to uphold the termination of your voucher."

Jipson now appeals the decision of the SPHA, arguing that the SPHA's decision to disregard the decision of the second hearing officer was arbitrary, capricious and in violation of her due process rights.

## STANDARD OF REVIEW

On appeal, the Superior Court reviews directly the "decision of the Authority for 'abuse of discretion, errors of law, or findings not supported by the substantial evidence in the record.'" *Dowling v. Bangor Housing Authority*, 2006 ME 136, ¶ 9, 910 A.2d 376, 380 (quoting *Phaiah v. Town of Fayette*, 2005 ME 20, ¶ 8, 866 A.2d 863, 866). The Superior Court is to review the decision of the municipality de novo. *Isis Dev., LLC v. Town of Wells*, 2003 ME 149, n. 4, 836 A.2d 1285, 1286.

On issues of fact, the Court reviews a municipality's decision for error of law, abuse of discretion or findings not supported by substantial evidence in the record. *York v. Town of Ogunquit*, 2001 ME 53, ¶ 6, 769 A.2d 172, 175. Substantial evidence is evidence that is sufficient for a municipality to have reasonably found the facts as it did. *Ryan v. Town of Camden*, 582 A.2d 973, 975 (Me. 1990).

2

The burden of persuasion is on the challenging party to show that the evidence compels a different result. *Twigg v. Town of Kennebunk*, 662 A.2d 914, 916 (1996). Indeed, "a demonstration that no competent evidence supports the local board's findings is required in order to vacate the board's decision." *Gensheimer*, 2005 ME 22, ¶ 17, 868 A.2d at 166, quoting *Thacker v. Konover Dev. Corp.*, 2003 ME 30, ¶ 8, 818 A.2d 1013, 1017. The Court must not substitute its judgment for that of the municipality and "is limited to determining whether the evidence of record facts could reasonably have been found by the zoning body to justify its decision." *Driscoll v. Gheewalla*, 441 A.2d 1023, 1026 (Me. 1982). Further, a municipality's decision is not wrong because the record is inconsistent or because a different conclusion could be drawn from the record. *Twigg*, 662 A.2d at 916.

## DISCUSSION

"Meaningful judicial review of an agency decision is not possible without findings of fact sufficient to apprise the court of the decision's basis." *Chapel Road Associates, L.L.C. v. Town of Wells*, 2001 ME 178, ¶ 10, 787 A.2d 137, 140. In recent years, the Law Court has particularly stressed the need for sufficient findings to allow for meaningful judicial review. *See e.g., Gensheimer v. Town of Phippsburg*, 2005 ME 22, ¶ 25, 868 A.2d 161, 168; *Sawyer v. Town of Cape Elizabeth*, 2004 ME 71, ¶ 22, 852 A.2d 58, 64; *Chapel Road Associates*, 2001 ME 178, ¶¶ 10-13, 787 A.2d at 140-41. The Law Court has also recently emphasized the need for express findings of fact and conclusions of law and has stated that the courts are not to usurp the function of administrative bodies by making its own findings based on the evidence presented to the administrative body. *Comeau v. Town of Kittery*, 2007 ME 76, ¶ 12, 926 A.2d 189, 192 ("the task of an appellate court is to

3

review the findings and conclusions of the administrative agency to determine if the findings are supported by the evidence").

While neither of the parties to this appeal have raised a question regarding the sufficiency of the SPHA's findings, this Court can and does raise the issue sua sponte. *See Sawyer*, 2004 ME 71, 852 A.2d 58 (Law Court remanded for further findings even though the issue was not raised before the Superior Court).

As an initial matter, the Court notes that the October 3, 2007 Notice of Termination and the October 12, 2007 letter from the informal hearing officer are not final judgments or final agency rulings and, therefore, are not appealable. *Carroll v. Town of Rockport*, 2003 ME 135, ¶ 16, 837 A.2d 148, 154. "A final judgment or final administrative action is a decision that fully decides and disposes of the entire matter pending before the court or administrative agency, leaving no questions for the future consideration and judgment of the court or administrative agency." *Id.* "Findings of fact and conclusions of law reached by an administrative agency in the course of its deliberations, but prior to issuance of a final decision, are not final administrative actions." *Id.* ¶ 17, 837 A.2d at 154. Thus, any attempt by the SPHA to rely on the October 3, 2007 Notice of Termination or the October 12, 2007 decision of the informal hearing officer as sufficient findings of fact and conclusions of law is rejected.[1]

Thus, the Court is left with the November 26, 2007 "findings" of Neelon, the Executive Director of the SPHA, which states *in toto*:

---

[1] Moreover, the parties conceded at oral argument that this Court is to review the November 26, 2007 letter.

4

> I am in receipt of the information from both the informal and formal hearing officers regarding the termination of your participation in the Housing Choice Voucher Program because of drug-related activity by your son.
>
> I have reviewed this information and the information contained in our Section 8 Administrative Plan regarding this issue. As a result of this review, it is my decision to uphold the termination of your voucher.
>
> The obligations of the Housing Authority will terminate on January 31, 2008. Your landlord will be notified of this decision prior to January 1, 2008.

These "findings" are insufficient to permit meaningful judicial review by this Court. At oral argument, the SPHA conceded that the decision whether or not to terminate in the instant case was discretionary. Yet the letter does not set forth which specific law or rule Jipson has violated and the facts supporting the alleged violation that underlie the Executive Director's exercise of discretion. For example, there has been no finding that any of Hamilton's transgressions are imputed to Jipson. In sum, there is no way for this Court to determine by looking at the findings of fact and conclusions of law what law or rule has been violated and how it has been violated nor how and why Neelon decided as she did. Thus, "there is nothing in the [SPHA's] findings...offering any possibility for review of the sufficiency of the evidence to support [its] conclusion." *Harrington v. Town of Kennebunk*, 459 A.2d 557, 561-62 (Me. 1983) (Law Court remanded "rather than to permit a Rule 80B review to be conducted on the basis of hypothesis").

The remedy for insufficient findings of fact and conclusions of law is remand to the agency "for findings that permit meaningful judicial review." *Kurlanski v. Portland Yacht Club*, 2001 ME 147, ¶ 14, 782 A.2d 783, 787, quoting *Christian Fellowship & Renewal Ctr. v. Town of Limington*, 2001 ME 16, ¶ 12, 769

5

A.2d 834, 838. Accordingly, this Court hereby remands this case to the South

Portland Housing Authority for the issuance of sufficient findings.

Therefore, the entry is:

> This case is remanded to the South Portland Housing Authority for further proceedings consistent with this order.
>
> The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).


Dated at Portland, Maine this ___2ⁿᵈ___ day of ___May___, 2008.

Robert E. Crowley
Justice, Superior Court

6

Date Filed __12-17-07__     __CUMBERLAND__     Docket No. __AP-07-60__

County

Action __80B COMPLAINT__

CHRISTINA JIPSON              SOUTH PORTLAND HOUSING AUTHORITY

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| KATHERINE MCGOVERN ESQ<br>FRANK D'ALESSANDRO ESQ<br>PO BOX 547<br>PORTLAND ME 04112<br>(207)774-8211 EXT 1216 | WENDY J PARADIS ESQ<br>BERNSTEIN SHUR SAWYER & NELSON<br>PO BOX 9729<br>PORTLAND ME 04104-5029<br>(207)774-1200 |

Date of
Entry