STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO.  AP-12-037
PAF - YOR - 1/10/2013

ROBERT E. LOGAN, JR.,

　　　　Plaintiff


v.

**ORDER AND DECISION**


THE INHABITANTS OF THE CITY
OF BIDDEFORD, et al.,

　　　　Defendants


Robert E. Logan, Jr. has appealed from the July 3, 2012 decision of the Biddeford Zoning Board of Appeals denying his request for a variance.

Mr. Logan is the owner of an undeveloped shorefront lot, Lot 6, which is located in the coastal residential district, limited residential district, and the shoreland zone. Among the requirements of the Biddeford Shoreland Zoning Ordinance is the requirement that all new structures be set back at least 100 feet from the normal high-water line. *See* Section 15.B.1. Mr. Logan's property is too small to meet that requirement or the minimum lot size requirement.

Mr. Logan, through his architect, presented a proposed design attempting to minimize the extent of the requested variance while being sensitive to the concerns of the neighbors. Despite those efforts a 51-foot setback variance was requested. *See* Shoreland Ordinance §16(G)(2)(c).

After a hearing, the Board denied the requested variance in a brief decision. None of the parties have challenged the adequacy of the findings and all parties have

requested that there not be a remand. The Board did make findings, however conclusory. As a one judge intermediate appellate court I am able to review the findings and determine if they are supported by the evidence. I am able to discern what findings were made and will proceed with a judicial review of the decision. See *Comeau v. Town of Kittery*, 2007 ME 76, 926 A.2d 189.

The Biddeford Zoning Board of Appeals found that Mr. Logan had met the requirement that the hardship not be the result of action taken by him or a prior owner. That finding is not challenged.

The Board ruled against Mr. Logan on the issue of whether the granting of a variance would alter the essential character of the locality. That decision is in error as the applicant sought to build a single family home in an area of similar structures. It would be in full conformity with the essential character of the locality.

The Board determined that the land in question could yield a reasonable return without the variance. Mr. Logan is correct that without a variance he is unable to build a house or any other structure. If Mr. Logan did not own any nearby properties the Board's finding about yielding a reasonable return would be in error. However, Mr. Logan owns nearby developed and undeveloped properties either directly across the street from this lot or just a few houses away on the opposite non-ocean front side of the street.

In *Toomey v. Town of Frye Island*, 2008 ME 44, 943 A.2d 563 the Law Court dealt with a similar issue where a Timothy Toomey owned two non-adjacent lots. There was an inland lot, which was "some distance from the property at issue", ¶2. There was also an undeveloped shorefront lot. A variance was needed in order to build on that lot. The Law Court, at ¶18, in discussing the reasonable return prong of the undue hardship test, noted, "Here, while there is no suggestion that Toomey could use

2

the property commercially, he has used, and may continue to use, the property for recreational purposes. A waterfront lot is a significant benefit to a property owner who owns an inland lot." The requested variance was denied.

As in *Toomey* the applicant owns non-adjacent lots. The Logan lots are close to each other. Since Mr. Logan owns the other lots the waterfront lot is a significant benefit to him as the owner of inland lots. The Board was correct in its decision concerning reasonable return.

The Board also found that the need for a variance was not due to the unique circumstance of the property as opposed to the general conditions in the neighborhood. All of the lots listed at page 15 of the record are substandard and are too small to meet the shoreland setback requirements. The fact that the Logan lot is vacant does not make it unique nor does the fact that it is smaller than some of the other too small lots. See *Camp v. Town of Shapleigh*, 2008 ME 53 ¶13, 943 A.2d 595, 599.

In addition to the four standard factors that have been discussed, *see* 30-A M.R.S.A. §4353(4), the Board also considered an apparently unique to Biddeford standard of whether the granting of the variance would cause substantial detriment to the public good or impair the purposes and intent of the ordinance. I need not decide whether that provision is unconditionally vague or was otherwise properly applied to a shoreland case as the applicant has otherwise failed to show that he is entitled to a variance.

The entry is:

Decision of the City of Biddeford Zoning Board of Appeals of July 3, 2012 denying the requested variance is affirmed.

Dated:      January 10, 2013

Paul A. Fritzsche
Justice, Superior Court

3